# EXHIBIT A

## ENGLISH TRANSLATION OF THE KOREAN
## DEBTOR REHABILITATION AND BANKRUPTCY ACT

# DEBTOR REHABILITATION AND BANKRUPTCY ACT

Act No. 7428, Mar. 31, 2005
Amended by Act No. 7892, Mar. 24, 2006
Act No. 7894, Mar. 24, 2006
Act No. 7895, Mar. 24, 2006
Act No. 8138, Dec. 30, 2006

## PART I GENERAL PROVISIONS

### Article 1 (Purpose)

The purpose of this Act is to efficiently rehabilitate debtors who are faced with livelihood collapse due to financial difficulties, and their businesses through the coordination of legal relations among interested persons, including creditors, shareholders and equity holders, etc. and to liquidate the assets of debtors who are deemed difficult to rehabilitate or fairly distribute.

### Article 2 (Status of Foreigners and Foreign Corporations)

In the application of this Act, foreigners and foreign corporations shall have the same status as that of the people of the Republic of Korea or corporations of the Republic of Korea.

### Article 3 (Jurisdiction)

(1) Every rehabilitation case and every bankruptcy case shall be placed under the exclusive jurisdiction of the collegiate division of the principal district court having jurisdiction over the location of the principal office or the debtor's place of business of (when the debtor has his/her principal office or his/her place of business in any foreign country, this refers to his/her principal office or his/her place of business in the Republic of Korea): *Provided*, That when the debtor is an individual without his/her principal office or place of business, he/she shall come under the exclusive jurisdiction of the principal district court having jurisdiction over the general jurisdictional location of the debtor.

(2) Every individual rehabilitation case shall be placed under the exclusive jurisdiction of the principal district court having jurisdiction over the general jurisdictional location of the debtor.

(3) In case where no competent court referred to in the provisions of paragraphs (1) and (2) exists, the individual rehabilitation case shall be placed under the exclusive jurisdiction of the principal court of the district court having jurisdiction over the location of the debtor's property (in the case of any credit, a place in which a claim can be filed for a trial shall be deemed such location).

(4) Notwithstanding the provisions of paragraph (1), when the rehabilitation case or the bankruptcy case involving any affiliate provided for in the provisions of subparagraph 3 of Article 2 of the Monopoly Regulation and Fair Trade Act is pending, an application for commencing the rehabilitation procedures or an application for declaring bankruptcy for another company among affiliates may also be filed with the principal court of the district court in which the rehabilitation case or the bankruptcy case involving the affiliate is pending.

(5) Notwithstanding the provisions of paragraph (1), when a rehabilitation case or a bankruptcy case involving any corporation is pending, an application for commencing the rehabilitation procedures or an application for declaring the bankruptcy of the representative of such corporation may also be filed with the principal court of the district court in which the rehabilitation case or the bankruptcy case of such corporation is pending.

(6) Notwithstanding the provisions of paragraph (1), an application for the rehabilitation case and the bankruptcy case may be field with the principal court of the district court that is located in the high court having jurisdiction over the location of the debtor's principal office or place of business.

(7) Notwithstanding the provisions of paragraphs (1) and (2), when a rehabilitation case, bankruptcy case or individual rehabilitation case involving anyone falling under any of the following subparagraphs is pending, an application for commencing the rehabilitation procedures, an application for a declaration of bankruptcy or an application for commencing individual rehabilitation

procedures for any other person pro vided for in the matter may be filed with the principal court of the district court in which the rehabilitation case, the bankruptcy case or the individual rehabilitation case is pending:

1. The principal debtor and his/her guarantor;
2. The debtor and the person who bears the same obligations together with the former; and
3. The husband and his/her wife.

(8) The bankruptcy case involving any inherited property shall be placed under the exclusive jurisdiction of the principal court of the district court having jurisdiction over the place where the inheritance of such property commences.

(9) Every case that is placed under the jurisdiction of the Seoul Eastern District Court, the Seoul Southern District Court, the Seoul Northern District Court or the Seoul Western District Court shall be placed under the exclusive jurisdiction of the Seoul Central District Court.

## Article 4 (Transfer Aimed at Avoiding Damage or Delay)

When it is deemed necessary to avoid any substantial damage or delay, the court may exercise, its inherent jurisdiction to transfer any rehabilitation case, any bankruptcy case or any individual rehabilitation case to the principal court of the district court that falls under any of the following subparagraphs:

1. The principal court of the district court having jurisdiction over the debtor's other place of business or other office of the location of the debtor's property;
2. The principal court of the district court having jurisdiction over the domicile or the residence of the debtor;
3. The principal court of the district court provided for in the provisions of Article 3 (4) through (7); and
4. When the rehabilitation case, the bankruptcy case or the individual rehabilitation case is pending in the relevant district court pursuant to the provisions of Article 3 (4) through (7), the principal court of the district court provided for in the provisions of Article 3 (1) through (3).

## Article 5 (Cooperation Among Courts)

In the procedures provided for in this Act, courts may seek legal cooperation among themselves.

## Article 6 (Declaration of Bankruptcy Following Discontinuation of Rehabilitation Procedures, etc.)

(1) Where a decision to discontinue rehabilitation procedures is confirmed after the rehabilitation plan is authorized for a debtor who is not declared bankrupt, the court shall, when it is recognized that the fact of causing the bankruptcy of such debtor exists, declare him/her bankrupt by its authority.

(2) Where the decision falling under any of the following subparagraphs is confirmed on the debtor who is not declared bankrupt, the court may, when it is recognized that a cause for the bankruptcy of the debtor exists, declare him/her bankrupt by its authority or upon receiving an application filed by the debtor or any custodian:

1. The decision to dismiss an application filed for commencing the rehabilitation procedures;
2. The decision to discontinue the rehabilitation procedures before the rehabilitation plan is authorized; and
3. The decision not to authorize the rehabilitation plan.

(3) Where the bankruptcy is declared pursuant to the provisions of paragraphs (1) and (2), the commission of the register or the registration falling under any of the following subparagraphs shall be made together with the commission of the register or the registration of any bankruptcy:

1. The commission of the register provided for in the provisions of Articles 23 (1), and 24 (4) and (5); and
2. The commission of the registration provided for in the provisions of Article 24 (4) and (5) that are applied *mutatis mutandis* under the provisions of Article 27.

(4) Where the bankruptcy is declared pursuant to the provisions of paragraph (1) or (2), when no application is filed for the suspension of any payment or any bankruptcy prior to the declaration of such bankruptcy in the application of the provisions of Part III, an act falling under any of the following subparagraphs shall be deemed the suspension of such payment and the application filed for bankruptcy and public-interest claims shall be deemed foundation claims:

1. An application filed for commencing the restoration procedures; and
2. An act that is peformed by a director (including any executive officer and any other person corresponding thereto; hereinafter the same shall apply) of a corporate debtor that constitutes an offense of fraudulent bankruptcy as provided for in the provisions of Article 650.

(5) Where the bankruptcy provided for in the provisions of paragraph (2) is declared before it is decided to authorize the rehabilitation plan, in the application of the provisions of Part III, the report on rehabilitation claims and the inspection or the confirmation of the objection provided for in Part II shall be deemed the report on the bankruptcy claims and the inspection or the confirmation of the objection that are all performed under the bankruptcy procedures: *Provided*, That the same shall not apply to the objection raised to any claim, the inspection or the confirmation provided for in the provisions of Articles 134 through 138.

(6) When the declaration of bankruptcy referred to in the provisions of paragraph (1) or (2) is made, the litigation procedures that are taken by any custodian and any preservative custodian shall be suspended. In this case, any trustee in bankruptcy and any other party may subrogate such litigation procedures.

(7) The bankruptcy is declared pursuant to the provisions of paragraph (1) or (2), any disposition, act, etc. that is taken and performed by any person falling under any of the following subparagraphs in the rehabilitation procedures pursuant to the provisions of Part II shall be deemed valid under the bankruptcy procedures in so far as they are not contrary to their nature. In this case, when it is deemed necessary, the court may prescribe the scope of the disposition, act, etc. that are deemed valid by its decision at the time that it makes a declaration of bankruptcy:
1. The court;
2. The custodian, the protective custodian, an inspection commissioner, the Custodial Committee, a member of the Custodial Committee and the creditors' consultative council;
3. The creditor, the secured creditor, a shareholder and an equity right holder (referring to employees of a company that is not a stock company and any other person who holds the position similar to that of the former; hereinafter the same shall apply); and
4. An interested person.

(8) When a decision to discontinue the rehabilitation procedures provided for in the provisions of Article 288 is confirmed after the bankruptcy procedures for a debtor who is declared bankrupt lose their effect on the grounds of a decision to authorize the rehabilitation plan, the court shall declare such debtor bankrupt by its authority.

(9) In the case of paragraph (8), in the application of the provisions of Part III, it shall be deemed that a petition is filed for bankruptcy at the time that a petition is filed for bankruptcy under the bankruptcy procedures that lose their effect by a decision to authorize the rehabilitation plan and public-interest claims shall be deemed foundation claims.

(10) The provisions of paragraphs (3), (6) and (7) shall apply *mutatis mutandis* to the case of paragraph (8).

### Article 7 (Public-Interest Claims, etc. Where Bankruptcy Procedures Continue)

(1) When a decision falling under any of the following subparagraphs is confirmed on a debtor who is declared bankrupt and the bankruptcy procedures continue, public-interest claims shall be deemed foundation claims:
1. A decision to dismiss an application filed for commencing rehabili tation procedures;
2. A decision to discontinue a rehabilitation procedures before an authorization is granted for a rehabilitation plan; and
3. A decision not to grant an authorization for a rehabilitation plan.

(2) The provisions of Articles 6 (5) through (7) shall apply *mutatis mutandis* to a case where the decision falling under any of each subparagraph of paragraph (1) is confirmed on a debtor who is declared bankrupt and that the bankruptcy procedures continue.

### Article 8 (Delivery)

(1) Every judgment that is given pursuant to the provisions of this Act shall be delivered ex officio.

(2) Documents may be delivered by standard post to the domiciles of the debenture holders, shareholders or equity right holders of a corporate debtor, when they report such domiciles pursuant to this Act and to the domiciles that are contained on the debenture register, the shareholders' roll, the employees' roll or the register book or to the domiciles of which they notify

the corporate debtor.

(3) Documents may be delivered by standard post to the domiciles of secured creditors who hold registered security rights when they report such domiciles pursuant to the provisions of this Act or to the domiciles that are contained on the register book when they fail to report such domiciles.

(4) When the documents are delivered by standard post pursuant to the provisions of paragraphs (2) and (3), such documents shall be deemed delivered at the time when postal items can be routinely delivered.

(5) In the case of paragraphs (2) and (3), every senior clerk of the court, every clerk of the court, every junior clerk of the court and every assistant clerk of the court (hereinafter referred to as the "clerk, etc. of the court") shall each prepare a written statement and enter the matters falling under each of the following subparagraphs in such written statement and shall each ascribe his/her name and affix his/her seal to such written statement:

    1. The names and domiciles of persons who are eligible to accept the service of documents; and

    2. The date on which such documents are posted.

(6) The provisions of paragraphs (1) through (5) shall not apply when this Act expressly prescribes otherwise.

### Article 9 (Publication)

(1) The publication provided for in the provisions of this Act shall be by way of the Official Gazette or according to methods that are prescribed by the rules of the Supreme Court.

(2) The effect of the publication referred to in the provisions of paragraph (1) shall accrue on the day following the day on which it is published in the Official Gazette or on the day following the day on which it is made according to the methods that are prescribed by the rules of the Supreme Court.

(3) When any judgment is published pursuant to the provisions of paragraph (1), all persons concerned shall be deemed notified of such judgment: *Provided*, That the same shall not apply when this Act expressly prescribes otherwise.

### Article 10 (Publication in Lieu of Service)

(1) Where the provisons of this Act require service, when it is difficult to identify the place at which such service has to be made and the grounds that are prescribed by the rules of the Supreme Court exist, publication thereof may substitute such service.

(2) The provisions of paragraph (1) shall not apply when this Act expressly prescribes otherwise.

### Article 11 (Cases Where Both Publication and Service are Required)

(1) Where both publication and service are posting required pursuant to the provisions of this Act, such service may be made by posting documents.

(2) The publication referred to in the provisions of paragraph (1) shall have the effect of service such documents upon all of the persons concerned.

### Article 12 (Optional Argument and Ex Officio Inspection)

(1) Any trial provided for in the provisions of this Act may be held without any oral submissions.

(2) The court may conduct the necessary inspection of any rehabilitation case, bankruptcy case, individual rehabilitation case and international bankruptcy case.

### Article 13 (Immediate Appeal)

(1) Anyone who is interested in any judgment provided for in the provisions of this Act may immediately file an appeal against such judgment only when the provisions of this Act so prescribe.

(2) The immediate appeal referred to in the provisions of paragraph (1) shall be filed within 14 days from the date on which the judgment is published, when the judgment has been published.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall have the effect of suspending any enforcement: *Provided*, That the same shall not apply to a case where this Act expressly prescribes otherwise.

### Article 14 (Methods of Raising Objection)

Every objection to a judgment made pursuant to the provisions of this Act shall be raised in writing.

### Article 15 (Establishment of Custodial Committee)

The Custodial Committee mandated to perform properly and speedily the proceedings of the procedures provided for in the provisions of this Act shall be set up in district courts that each is

prescribed by the rules of the Supreme Court.

### Article 16 (Composition, etc. of Custodial Committee)

(1) The Custodial Committee shall be composed of, from 3 members to not more than 15 members, including one chairman.

(2) The term of office for each member of the Custodial Committee shall be 3 years.

(3) The members of the Custodial Committee shall be commissioned by the head of the district court from among the persons falling under any of the following subparagraphs:

1. An attorney-at-law or certified public accountant;
2. Anyone who has worked for a financial institution provided for in the Banking Act and a corporation prescribed by the Presidential Decree for not less than 15 years;
3. Anyone who has worked as officers for a listed company;
4. Anyone who has worked in a related field for not less than 7 years after acquiring a master's degree or higher in law, business administration or economics; and
5. Anyone of profound learning and experience, who is corresponding to the persons referred to in the provisions of subparagraphs 1 through 4.

(4) Anyone who falls under any of the following subparagraphs shall be prohibited from being commissioned as a member of the Custodial Committee:

1. Anyone who is incompetent, quasi-incompetent or who is yet to be reinstated after he/she has been declared bankrupt;
2. Anyone who has been sentenced to imprisonment without prison labor or a heavier punishment and for whom 5 years have yet to ellapse from the date on which the execution of the sentence is terminated (including a case where the execution of the sentence is deemed terminated) or the execution of the sentenced is exempted;
3. Anyone who has been sentenced to a stay of execution of imprisonment without prison labor or a heavier punishment and for whom 2 years have yet to ellapse from the date on which the stay period expires;
4. Anyone who is in a stay period after having been sentenced to a stay of execution of imprisonment without prison labor or a heavier punishment; and
5. Anyone whose qualifications are suspended or relinquished according to other Acts or court judgment.

(5) The Custodial Committee's meeting shall pass resolutions with the attendance of a majority of the total members on the register roll and with the concurrent vote of a majority of those present.

(6) The establishment, organization and operation of the Custodial Committee, the required qualifications of members of the Custodial Committee, the guarantee of their status and the disciplinary action against them, etc. shall be prescribed by the rules of the Supreme Court.

(7) Members of the Custodial Committee shall be deemed public officials in the application of the penal provisions of the Criminal Act and other Acts.

### Article 17 (Work and Authority of Custodial Committee)

(1) The Custodial Committee shall perform the work falling under each of the following subparagraphs under the direction of the court:

1. The presentation of its opinions on the selection and appointment of custodians, protective custodians, inspection commissioners, trustees in bankruptcy, rehabilitation commissioners and international bankruptcy custodians;
2. The supervision and evaluation of the appropriateness of the work performed by custodians, protective custodians, inspection commissioners, trustees in bankruptcy and rehabilitation commissioners;
3. The examination of any draft rehabilitation plan and any draft repayment plan;
4. The composition of the creditors' consultative council and the furnishing of information pertaining to creditors;
5. The assessment of the progress in the procedures provided for in this Act;
6. The work of the meeting of persons concerned and the meeting of creditors; and
7. Other work that is prescribed by the rules of the Supreme Court or other courts.

(2) The Custodial Committee may commission part of its work to its members in order to efficiently perform the work provided for in each subparagraph of paragraph (1).

(3) When the court recognizes that the work performed by any member of the Custodial Committee

is inappropriate, the court may ask the Custodial Committee to commission other member to perform such work.

(4) When the Custodial Committee is not constituted, the matters falling under each of the following subparagraphs shall not apply:

1. Matters concerning the members of the Custodial Committee in Articles 6 (7), 18, 19 and 30 (1); and

2. Matters concerning the Custodial Committee in Articles 6 (7), 42, 43 (1), (3) and (4), 50 (1), 62 (2), 87 (1). 92, 114 (4), 132 (3), 257 (3) and (4), 287 (3), 288 (2) and 355 (1).

### Article 18 (Commission of Clerical Services Involving Permission to Members of Custodial Committee)

The court may commission the clerical services involving the permission and the clerical services involving the permission for bankruptcy procedures, both of which belong to its ordinary work, from among acts provided for in each subparagraph of Article 61 (1), to members of the Custodial Committee. In this case, necessary matters concerning the scope of the commission of the clerical services and the procedures for commissioning the clerical services shall be prescribed by the rules of the Supreme Court.

### Article 19 (Raising of Objection to Acts by Members of Custodial Committee)

(1) Anyone who is dissatisfied with a decision or disposition made or taken by any member of the Custodial Committee after being commissioned pursuant to the provisions of Article 18 shall raise an objection to such member of the Custodial Committee.

(2) When the relevant member of the Custodial Committee considers that the objection raised according to the provisions of paragraph (1) has the justifiable grounds, he/she shall promptly take an appropriate disposition therefor and then notify the court thereof.

(3) When the relevant member of the Custodial Committee recognizes that the objection raised according to the provisions of paragraph (1) has no justifiable grounds, he/she shall refer the objection to the court within 3 days from the date on which he/she receives such objection.

(4) The objection that is raised according to the provisions of paragraph (1) shall not have the effect of suspending any execution.

(5) The court shall, upon receiving the objection raised pursuant to the provisions of paragraph (3), determine based on the justifiable grounds and if the court considers that the objection has the justifiable grounds, it shall order the relevant member of the Custodial Committee to take an appropriate disposition to address such objection and then notify the person who raises the objection of the gist of such appropriate disposition.

### Article 20 (Composition of Creditors' Consultative Council)

(1) The Custodial Committee (referring to the court when the Custodial Committee is not constituted; hereafter the same in this Article shall apply) shall establish a creditors' consultative council composed of major creditors of the debtor after an application is filed for commencing rehabilitation procedures or a petition of bankruptcy is filed: *Provided*, That when the debtor is an individual or a small and medium-sized businessman, the Custodial Committee may not set up such creditors' consultative council.

(2) The creditors' consultative council shall be composed of not more than 10 persons.

(3) When it is deemed necessary, the Custodial Committee may cause any minority creditor to participate in the creditors' consultative council as its member.

### Article 21 (Function, etc. of Creditors' Consultative Council)

(1) The creditors' consultative council may perform any of the following acts through the coordination of creditors' opinions:

1. The presentation of opinions with respect to rehabilitation procedures and bankruptcy procedures;

2. The presentation of opinions with respect to the selection, appointment or dismissal of custodians, trustees in bankruptcy and protective custodians;

3. The presentation of opinions with respect to the selection and appointment of the auditor (including any member of the audit committee provided for in the provisions of Article 415-2 of the Commercial Act) of a debtor who is a corporation;

4. A claim brought for the physical inspection of the actual governance of any company after an

authorization is granted for its rehabilitation plan;

5. Other matters concerning the rehabilitation procedures and the bankruptcy procedures that are demanded by the court; and

6. Other acts that are prescribed by the Presidential Decree.

(2) The agenda of the creditors' consultative council shall be decided with the concurrent vote of a majority of the total members present.

(3) The court may determine that the debtor bear expenses necessary for the creditors' consultative council to carry out its activities.

(4) Necessary matters concerning the composition and operation of the creditors' consultative council shall be prescribed by the rules of the Supreme Court.

(5) When the creditors' consultative council is not constituted, matters concerning the creditors' consultative council in the provisions of Articles 50 (1), 62 (2), 132 (3), 203 (4), 259, 287 (3) and 288 (2) shall not apply.

## Article 22 (Provision of Materials to Creditors' Consultative Council)

(1) The court shall provide the creditors' consultative council with copies of documents concerning rehabilitation procedures or bankruptcy procedures, written decisions, audit reports and other major materials that are prescribed by the rules of the Supreme Court.

(2) Custodians or trustees in bankruptcy shall submit major documents quarterly that are designated by the court to the creditors' consultative council from among the documents that they submit to the court.

(3) The creditors' consultative council may ask any custodian or any trustee in bankruptcy to provide necessary materials to it under the conditions prescribed by the rules of the Supreme Court.

(4) Anyone who is requested to provide the necessary materials under the provisions of paragraph (3) shall provide such necessary materials under the conditions prescribed by the rules of the Supreme Court.

(5) When any creditor who is not affiliated with the creditors' consultative council requests materials, the creditors' consultative council shall provide him/her with such materials that it has received pursuant to the provisions of paragraphs (1) through (3).

## Article 23 (Commission of Registers of Corporations)

(1) In a case falling under any of the following subparagraphs, which involves a corporate debtor, the clerk, etc. of the court shall promptly commission by their authority the registry office in the seat of the office and place of business place (when his/her principal office or place of business is located in any foreign country, refers to his/her office or place of business located in the Republic of Korea) of such debtor to register the case by providing such registry office with a written commission accompanied by related documents including a certified copy or an abstract of the written decision:

1. Where it is decided to commence rehabilitation procedures or declare bankruptcy;

2. Where a decision to revoke the decision to commence rehabilitation procedures, a decision to discontinue rehabilitation procedures or a decision not to grant an authorization for a rehabilitation plan is confirmed, variously;

3. Where it is decided to grant an authorization for a rehabilitation plan or to complete rehabilitation procedures;

4. Where new shares are issued pursuant to the provisions of Article 266, bonds are issued pursuant to the provisions of Article 268, an allinclusive exchange of shares is performed pursuant to the provisions of Article 269, an all-inclusive transfer of shares is performed pursuant to the provisions of Article 270, companies are merged pursuant to the provisions of Article 271, any company is split or companies are merged after split pursuant to the provisions of Article 272 or a new company is incorporated pursuant to the provisions of Articles 273 and Article 274; and

5. Where it is decided to revoke a bankruptcy, to discontinue a bankruptcy or to terminate a bankruptcy.

(2) When a disposition provided for in the provisions of Article 43 (3), 74 (1), 355 or 636 (1) 4 is taken to a corporate debtor, the clerk, etc. of the court shall use their authority to promptly commission the registry office in the seat of the office and place of business of such debtor to

register such disposition by providing such registry office with a written commission accompanied by related documents including a certified copy or abstract of such disposition. The same shall apply to a case where any registered disposition is changed or revoked.

(3) The names, titles, domiciles and offices of the custodian, the protective custodian, the trustee in bankruptcy or the international bankruptcy custodian shall be entered in the register of the disposition referred to in the provisions of paragraph (2). In this case, when any entered matter is changed, the clerk, etc. of the court shall commission the registry office in the seat of the office and the place of business the debtor to register such change.

## Article 24 (Commission of Register, etc. of Registered Rights)

(1) In a case falling under any of the following subparagraphs, the clerk, etc. of the court shall use their authority to promptly commission the registry office to register the commencement of rehabilitation procedures or protective disposition by providing such registry office with a written commission accompanied by a certified copy or abstract of the written decision. The same shall apply where the protective disposition referred to in subparagraph 2 or 3 is changed or revoked or loses its effect:

1. Where it is decided to commence the rehabilitation procedures for a non-corporate debtor when any right that belongs to the debtor's property is registered;
2. The protective disposition provided for in the provisions of Article 43 (1) is taken over any registered right that belongs to the debtor's property to be disposed of; and
3. The protective disposition provided for in the provisions of Article 114 (1) or (3) is taken over the registered right.

(2) Where the registered right is acquired, lost or changed before the implementation of a rehabilitation plan is carried out or a rehabilitation procedures provided for in this Act are completed, the court shall use its authority to promptly commission the registry office to register the acquisition, loss or change of such registered right: *Provided*, That the same shall not apply to a case where anyone other than the debtor, any creditor, any secured creditors, any shareholder, any equity right holder or any newly incorporated company is registered as a rightful claimant.

(3) The clerk, etc. of the court shall, when they learn of the register of a non-corporate debtor who has been declared bankrupt, use their authority to commission without delay the registry office to register his/her bankruptcy by providing the registry office with a written commission accompanied by the certified copy of the written bankruptcy decision. The same shall apply to a case where the clerk, etc. of the court learn of any registered right that belongs to the bankrupt organization.

(4) Where any trustee in bankruptcy renounces his/her right over which his/her bankruptcy is registered from the bankrupt organization and files an application for commissioning the register therof, the clerk, etc. of the court shall commission the registry office to register the waiver of such right by providing the registry office with a written commission accompanied by a certified copy of the written permission for the waiver of the right.

(5) The provisions of paragraphs (1) and (3) shall apply *mutatis mutandis* to the case of Article 23 (1) 1 through 3 and 5.

(6) When a protective disposition is taken, canceled or changed with respect to a registered right that belongs to a debtor's property under individual rehabilitation procedures, the clerk, etc. of the court shall use their authority to promptly commission the registry office to register such protective disposition by providing the registry office with a written commission accompanied by a certified copy or abstract of the written decision.

(7) Where a disposition provided for in the provisions of Article 636 (1) 3 or 4 is taken, when the clerk, etc. of the court learn of the registered right that belongs to the debtor's property, they shall use their authority to commission without delay by their authority the registry office to register such disposition by providing the registry office with a written commission accompanied by a certified copy or abstract of the written decision. The same shall apply to a case where the disposition provided for in the provisions of Article 636 (1) 3 is taken before it is decided to approve the foreign bankruptcy procedures provided for in the provisions of Article 635 (1).

## Article 25 (Duties of Registry Offices and Exemption of Registration Tax)

(1) Every registry office shall, when it is commissioned to perform the registration pursuant to the provisions of Article 23 or 24, perform without delay the commissioned registration.

(2) Every registry office shall, where the bankruptcy of any debtor is registered, when it intends to

register the authorization of a rehabilitation plan, use its authority to cancel the registration of the bankruptcy of such debtor.

(3) Every registry office shall, where it intends to register the revocation of any rehabilitation plan authorization, if it finds a register that is cancelled pursuant to the provisions of paragraph (2), use its authority to restore such register.

(4) Registration tax shall not be levied on the registers referred to in the provisions of paragraphs (1) through (3).

## Article 26 (Register of Negation)

(1) When the act of causing registration is negated, any custodian, any trustee in bankruptcy or any holder of the right to negate in the individual rehabilitation procedures shall each file an application for the registration of such negation. The same shall apply to a case where the register is negated.

(2) Registration tax shall not be levied on the register referred to in the provisions of paragraph (1).

(3) The provisions of Article 23 (1) 1 through 3 and 5 shall apply *mutatis mutandis* to the case of paragraph (1).

(4) Where any custodian or any trustee in bankruptcy voluntarily sells the property on which the negation referred to in the provisions of paragraph (1) is registered and the cause of voluntarily selling such property is registered, the court shall, upon receiving an application filed by interested persons, commission the registry office to cancel the registration of the negation under pargraph (1), the register that is effected by the act of the negation, the negated registration and other registrations that are effected subsequent to such registers, which cannot counter any rehabilitative creditor or any bankrupting creditor.

## Article 27 (Application *Mutatis Mutandis* of Registered Rights)

The provisions of Articles 24 through 26 shall apply *mutatis mutandis* only to registered right over the property of a debtor, a bankrupt organization or an individual organization undergoing rehabilitation.

## Article 28 (Perusal, etc. of Case Records)

(1) Interested persons may claim the inspection and delivery of copies of case records (including documents and other items), written judgments, original or certified copies and abstracts of investigation records and certificates concerning cases.

(2) The provisions of paragraph (1) shall not apply to audiotapes or videotapes (including goods in which certain matters are recorded in a manner that audiotapes and videotapes are recorded; hereafter the same in this Article shall apply) among case records: *Provided,* That upon receiving an application filed by any interested person, the court may permit reproduction of them for him/her.

(3) Notwithstanding the provisions of paragraphs (1) and (2), anyone falling under any of the following subparagraphs shall be prohibited from filing the application referred to in the provisions of paragraphs (1) and (2) until a judgment that is prescribed in any item of the relevant subparagraph is given: *Provided,* that the same shall not apply to a case where the person is an applicant for the commencement of rehabilitation procedures:

1. An interested person other than the debtor:
   (a) A preservation disposition provided for in the provisions of Article 43 (1);
   (b) A preservation and management order provided for in the provisions of Article 43 (3);
   (c) A discontinuation order provided for in the provisions of Article 44 (1);
   (d) A general prohibition order provided for in the provisions of Article 45 (1); and
   (e) A determination of a the application filed for commencing rehabilitation procedures; and
2. The debtor;
   (a) A judgment provided for in any item of subparagraph 1;
   (b) The designation of the date on which submissions are made with respect to an application for commencing rehabilitation procedures; and
   (c) The designation of the date on which the debtor is summoned to answer questions.

(4) When it is feared to greatly obstruct the maintanance and rehabilitation of the debtor's business and to cause severe damage to the debtor's property, the court may not refuse to permit the inspection, copying, delivery of the original, certified copies and abstracts or the reproduction of audiotapes and videotapes.

(5) An immediate appeal may be filed against the decision made not to grant the permission

provided for in the provisions of paragraph (4).

### Article 29 (Inquiry about Property, etc. of Debtor)

(1) The court may, if it is deemed necessary, upon receiving an application filed by any custodian, any trustee in bankruptcy, or any interested person or by its inherent jurisdiction, inquire with any public institution, any financial institution and any organization, etc. that are each operating the computer network that holds information on the property and credit status of the debtor about the property that is held in the name of such debtor.

(2) When any interested person who is entitled to immunity files an application referred to in the provisions of paragraph (1), he/she shall specifically designate any public institution, any financial institution or any organization to which inquiries are made. In this case, the court shall order such person to prepay expenses involved in making such inquiries.

(3) The provisions of Article 74 (3) and (4) and Article 75 (1) of the Civil Execution Act shall apply *mutatis mutandis* to the inquires referred to in the provisions of paragraph (1).

(4) Matters concerning the scope of public institutions, financial institutions and organizations, etc. to which the inquires are made, procedures for making inquires, expenses that have to be prepaid by interested persons, the management of the results of the inquiries etc. shall be prescribed by the rules of the Supreme Court.

### Article 30 (Remunerations of Custodians, etc.)

(1)The persons falling under any of the following subparagraphs are eligible for prepaid expenses, remuneration or special compensation. In this case, the court shall determine the amount of such remuneration and such special compensation:

1. Custodians, proxy custodians, protective custodians, trustees in bankruptcy and proxy trustees in bankruptcy;
2. Inspection commissioners, rehabilitation commissioners and advisors; and
3. Members of the Custodial Committee who perform the duties of the aforementioned persons.

(2) The remuneration and the special compensation referred to in the provisions of paragraph (1) shall be the amount commensurate with their duties and responsibilities.

(3) An immediate appeal may be filed against the determination referred to in the provisions of paragraph (1).

### Article 31 (Compensation, etc. for Proxy Members of Custodial Committee)

(1) The court may permit the refunding of expenses or payment of compensation to the persons falling under any of the following subparagraphs within the scope of appropriateness. In this case, the court shall determine the amount of the expenses and the compensation:

1. Creditors, secured creditors, shareholders, equity right holders, proxy members of the Custodial Committee or agents who are credited with having achieved restoration under bankruptcy procedures; and
2. Persons who are credited with having managed a bankrupt organization or liquidation.

(2)An immediate appeal may be filed against a determination made pursuant to the provisions of paragraph (1).

### Article 32 (Suspension of Prescription)

In a case falling under any of the following subparagraphs, the effect of the suspension of a prescription accrues:

1. Submission of the list provided for in the provisions of Article 147 and the participation in rehabilitation procedures: *Provided*, That the same shall not apply to a case where any rehabilitation creditor or any rehabilitation secured creditor who is not entered on the list withdraws his/her report or his/her report is rejected;
2. Participation in the bankruptcy procedures: *Provided*, That the same shall not apply to a case where any bankruptcy creditor withdraws his/her report or his/her report is rejected; and
3. Submission of the list of the individual rehabilitation creditors provided for in the provisions of Article 589 (2) and participation in the individual rehabilitation procedures: *Provided*, That the same shall not apply to a case where any individual rehabilitation creditor who is not entered on the list withdraws his/her application for the final inspection judgment or his/her application is turned down.

### Article 32-2 (Prohibition of Discriminative Treatment)

No person shall be given any unfavorable treatment such as the restriction of employment or dismissal, without any justifiable reason, on account of the rehabilitation procedures, bankruptcy procedures or individual rehabilitation procedures in progress under this Act.
*[This Article Newly Inserted by Act No. 7892, Mar. 24, 2006]*

**Article 33 (*Mutatis Mutantis* Application of Civil Procedures Act and Civil Execution Act)**
When rehabilitation procedures, bankruptcy procedures, individual rehabilitation procedures and international bankruptcy procedures are not prescribed in this Act, the Civil Procedures Act and the Civil Execution Act shall apply *mutatis mutandis* to them.

# PART II REHABILITATION PROCEDURES

## CHAPTER I COMMENCEMENT OF REHABILITATION PROCEDURES

### SECTION 1 Application for Commencement of Rehabilitation Procedures

**Article 34 (Application Filed for Commencing Rehabilitation Procedures)**
(1) In a case falling under any of the following subparagraphs, the debtor may file an application with the court for commencing the rehabilitation procedures:
  1. here the debtor finds it impossible to repay his/her obligations in the repayment period without any serious hinderance to the continuation of his/her business; and
  2. here it is feared that bankruptcy may accrue to the debtor.
(2) In the case of paragraph (1) 2, the person prescribed in each item of the relevant subparagraph may also file an application for commencement of rehabilitation procedures according to the classification of each of the following subparagraphs:
  1. hen the debtor is a stock company or a limited-liability company:
   (a) A creditor who holds a claim equivalent to not less than 1/10 of the capital; and
   (b) A shareholder or the equity right holder who holds the share or the equity share equivalent to not less than 1/10 of the capital; and
  2. hen the debtor is not a stock company or a limited-liability company:
   (a) A creditor who holds a claim equivalent to not less than 50 million won; and
   (b) An equity right-holder who holds an equity share of not less than 1/10 of the total amount of investment of any general partnership, any joint venture, any corporation or anyone corresponding thereto.
(3) The court may, when any creditor, any shareholder or any equity right holder files an application for commencement of rehabilitation procedures pursuant to the provisions of paragraph (2), order the debtor to submit materials concerning the management of his/her business and the current state of his/her property.

**Article 35 (Obligation to File Bankruptcy Petition and Application for Commencement of Rehabilitation Procedures)**
(1) The liquidator of any debtor may file an application for commencement of rehabilitation procedures even when he/she files a petition of the bankruptcy of such debtor pursuant to another Act.
(2) When a corporate debtor, who is under liquidation or is declared bankrupt files an application for commencement of rehabilitation procedures, the provisions of Article 229 (1), 285 (2), 519 or 610 of the Commercial Act shall apply *mutatis mutandis* thereto.

**Article 36 (Written Application)**
An application for commencement of rehabilitation procedures shall be filed in the form of a written application in which the matters falling under each of the following subparagraphs are entered:
  1. The names and domiciles of the applicant and the legal representative;
  2. Where the debtor is an individual, the name, the resident registration number (referring to the

foreigner registration number or the domestic residence number in the case of anyone who
has no resident registration number; hereinafter the same shall apply) and the domicile of
such debtor;

3. Where the debtor is not an individual, the firm name, the location of the principal office or
place of business (when the principal office or place of business is located overseas, refers to
the principal office or place of business that is located in the Republic of Korea) and the name
of the representative of the debtor (when the principal office or place of business is located
overseas, this refers to the representative who resides in the Republic of Korea; hereinafter
the same shall apply);
4. The purposes of the application;
5. The cause of commencing rehabilitation procedures;
6. The business objectives and the current business of the debtor;
7. The total number of shares or the total number of equity shares issued by the debtor, the
amount of his/her capital, assets, obligations and current property;
8. Other procedures or any disposition involving the debtor's property, which is known to the
applicant;
9. When the applicant holds an opinion on the rehabilitation plan, his/ her opinion;
10. When any creditor files an application for commencement of rehabilitation procedures, the
amount and the basis of the claim that he/ she holds; and
11. When any shareholder or any equity right holder files an application for commencement of
rehabilitation procedures, the number or the amount of the shares or the equity shares that is
held by him/her.

### Article 37 (Keeping of Documents)

Documents concerning the application for commencement of rehabilitation procedures shall be
kept in the court for perusal by interested persons.

### Article 38 (Explanations)

(1) Anyone who files an application for commencement of rehabilitation procedures shall
vindicate the fact that is the basis for the commencement of such rehabilitation procedures. In
this case, when the foreign bankruptcy procedures provided for in the provisions of subparagraph
1 of Article 628 are in process on any debtor, such debtor shall be presumed to be subject to the
the fact that is the basis for such bankruptcy.
(2) When any creditor, any shareholder or any equity right holder files an application for
commencement of rehabilitation procedures, he/she shall substantiate the amount of the claim or
the number and the amount of shares or equity shares that he/she holds.

### Article 39 (Prepayment, etc. of Expenses)

(1) When anyone files an application for commencement of rehabilitation procedures, the
applicant shall prepay expenses involved in taking the rehabilitation procedures.
(2) The expenses referred to in the provisions of paragraph (1) shall be determined by the court
taking into account the scale of the case, etc. In this case, when anyone other than the debtor
files an application for commencement of rehabilitation procedures, the amount of expenses that
are payable out of the debtor's property shall be taken into consideration after the rehabilitation
procedures commence.
(3) When it is decided to commence the rehabilitation procedures after anyone other than the
debtor files an application for commencement of such rehabilitation procedures, the applicant
may have his/her expenses payed out of the debtor's property pursuant to the provisons of
paragraph (1).
(4) The applicant's right to claim the payment of his/her expenses pursuant to the provisions of
paragraph (3) shall be made a public-interest claim.

### Article 40 (Notifications, etc. to Supervisory Administrative Agencies)

(1) When an application is filed for commencement of rehabilitation procedures for a debtor who
is a stock company, the court shall notify the persons falling under each of the following
subparagraphs of the gist of such application:
1. The administrative agency in charge of supervising the debtor's business;
2. The Financial Supervisory Commission; and

3. The head of the tax office having jurisdiction over the location of the principal office or place of business of the debtor (when the principal office or place of business is located overseas, this refers to the principal office or place of business located in the Republic of Korea).

(2) The court may, when it is deemed necessary, request the person falling under each of the following subparagraphs to state his/her opinion on the rehabilitation procedures:

1. The administrative agency in charge of supervising the debtor's business;
2. The Financial Supervisory Commission; and
3. The person who holds the authority to collect claims (referring to claims that may be collectable according to the example of collecting the national tax and the example of the disposition taken to collect the national tax or the local tax in arrears and their preferential collection order takes priority over that of general rehabilitation claims) that are collectable pursuant to the National Tax Collection Act and the Local Tax Act.

(3) Anyone who falls under any of the subparagraphs of paragraph (2) may state his/her opinion on the rehabilitation procedures in the court.

### Article 41 (Questioning)

(1) When an application is filed for commencement of rehabilitation procedures, the court shall question the debtor or the representative of such debtor.

(2) Notwithstanding the provisions of paragraph (1), the court may omit such questioning in cases falling under any of the following subparagraphs:

1. Where such questioning of the debtor is feared to greatly delay the rehabilitation procedures on the grounds that the debtor or his/her representative resides overseas; and
2. Where it is impossible to locate the whereabouts of the debtor or his/ her representative.

### Article 42 (Grounds for Turning Down Application Filed for Commencing Rehabilitation Procedures)

In cases falling under any of the following subparagraphs, the court shall turn down any application for commencement of rehabilitation procedures. In this case, the court shall hear the opinion of the Custodial Committee:

1. Where expenses necessary for rehabilitation procedures are not prepaid;
2. Where the application for rehabilitation procedures is not bona fide; and
3. Where rehabilitation procedures are incompatible with the general interests of creditors.

### Article 43 (Provisional Seizure, Provisional Disposition and Preservation Disposition)

(1) When an application is filed for commencing rehabilitation procedures, the court may grant an order of, through its inherent jurisdiction or upon receiving an application filed by interested persons, provisional seizure and provisional disposition on the debtor's business and assets or other disposition necessary to preserve the debtor's business and assets until a decision is made on the application for commencement of rehabilitation procedures. In this case, the court shall hear the opinion of the Custodial Committee.

(2) When any interested person files an application for the preservation disposition referred to in the provisions of paragraph (1), the court shall determine whether to grant the preservation disposition within 7 days from the date on which the application therefor is filed.

(3) When it is deemed necessary in addition to the preservation disposition referred to in the provisions of paragraph (1), the court may order any preservative custodian to manage the debtor's business and assets after hearing the opinion of the Custodial Committee. In this case, the court shall select and appoint one or multiple preservative custodians.

(4) The court may alter or rescind the preservative disposition referred to in the provisions of paragraph (1) or the preservation and management order referred to in the provisions of paragraph (3) after hearing the opinion of the Custodial Committee.

(5) The judgment as well as the judgment on the dismissal of the application therefor provided for in the provisions of paragraphs (1) (3) and (4) shall be made by determination.

(6) An immediate appeal may be filed against the determination that is made pursuant to the provisions of paragraph (5).

(7) The immediate appeal referred to in the provisions of paragraph (6) shall not have the effect of suspending any execution.

(8) When the court issues the preservation and management orders referred to in the provisions

of paragraph (3) or changes or rescinds such order, it shall publish such measures.

### Article 44 (Order Given to Suspend Other Procedures, etc.)

(1) When it is deemed necessary upon receiving an application for commencing the rehabilitation procedures, the court may order the discontinuation of the procedures falling under any of the following subparagraphs by the time a decision is made on the application for commencing the rehabilitation procedures by its inherent jurisdiction or by an application filed by interested persons: *Provided*, That in the case of the procedures referred to in the provisions of subparagraph 2, the same shall not apply to a case where it is feared to inflict undue damage on any rehabilitation creditor or any rehabilitation secured creditor who is the applicant for the procedures:

    1. The bankruptcy procedures for the debtor;

    2. The auction procedures (hereinafter referred to as "compulsory execution based on the rehabilitation claim or the rehabilitation security right") that are already in progress on the debtor's assets for the compulsory execution, the provisional seizure, the provisional disposition or the exercise of the security right based on the rehabilitation claim or the rehabilitation security right;

    3. Litigation procedures for the debtor's assets;

    4. Procedures for the debtor's assets that are pending in an administrative agency; and

    5. Any disposition taken to collect taxes in arrears, the disposition taken to collect taxes in arrears according to the example of the disposition taken to collect national taxes in arrears (including the example of the disposition taken to collect national taxes and local taxes in arrears; hereinafter the same shall apply) or the disposal of goods that are offered as security for a tax obligation, as provided for in the National Tax Collection Act and the Local Tax Act. In this case, the opinion of the person who holds the authority to collect taxes shall be heard.

(2) The prescription shall not proceed during the suspension period of the disposition provided for in the provisions of paragraph (1) 5.

(3) The court may alter or recind the discontinuation order referred to in the provisions of paragraph (1).

(4) When it is deemed especially necessary to rehabilitate the debtor, the court may order, upon receiving an application filed by the debtor (referring to the preservation custodian if he/she is selected and appointed) or by its inherent jurisdiction, the cancellation of the compulsory execution, etc. based on any suspended rehabilitation claim or any suspended rehabilitation security right. In that case, the court may require security to be furnished.

### Article 45 (General Order Given to Prohibit Compulsory Execution, etc. Based on Rehabilitation Claims and Rehabilitation Security Rights)

(1) When it is recognized that special circumstances are feared to prevent the full realization of the purposes of the rehabilitation procedures by the discontinuation order provided for in the provisions of Article 44 (1) after receiving an application for commencement of rehabilitation procedures, the court may order all rehabilitation creditors and rehabilitation secured creditors, by an application filed by interested persons or by its inherent jurisdiction, to bar the compulsory execution, etc. based on their rehabilitation claims or their rehabilitation security rights by the time a determination is made on the application filed for commencing rehabilitation procedures.

(2) The prohibition order (hereinafter referred to as a "general prohibition order") referred to in the provisions of paragraph (1) shall be limited to cases where the disposition or the order falling under either of the following subparagraphs is already taken or given with respect to the debtor's major assets or the general prohibition order, the disposition or the order falling under either of the following subparagraphs is given, taken or given:

    1. The preservation disposition provided for in the provisions of Article 43 (1); and

    2. The preservation and management order provided for in the provisions of Article 43 (3).

(3) When any general prohibition order is given, the compulsory execution, etc. based on any rehabilitation claim or any rehabilitation security right that has already been enforced against the debtor's property shall be suspended.

(4) The court may alter or rescind the general prohibition order.

(5) When it is deemed particularly necessary to continue the debtor's business, the court may order the rescission of the compulsory execution based on any rehabilitation claim or any rehabilitation security right that has been suspended pursuant to the provisions of paragraph (3) upon receiving an application filed by the debtor (referring to the preservative custodian when he/she is selected and appointed). In this case, the court may require security to be furnished.

(6) An appeal may be immediately filed against the general prohibition order, the decision referred to in the provisions of paragraph (4) and the cancellation order referred to in the provisions of paragraph (5).

(7) The immediate appeal referred to in paragraph (6) shall not have the effect of suspending any execution.

(8) When the general prohibition order is given, the prescription of the rehabilitation claim and the rehabilitation security right shall not expire until the day on which 2 months have lapsed from the day following the day on which the effect of such order ceases.

## Article 46 (Publication and Service, etc. of General Prohibition Order)

(1) When a general prohibition order is granted or a decision to alter or rescind such order, the court shall publish such decision and serve a written decision on the relevant debtor (referring to the preservative custodian if such preservative custodian is selected and appointed) and the relevant applicant, respectively and also serve on the rehabilitation creditor, the rehabilitation secured creditor and the debtor (referring to the preservative custodian when he/she is selected and appointed) a written statement setting out the main passage of the decision as far as they are all known to the court.

(2) The general prohibition order and a decision to change or revoke the general prohibition order shall take effect from the time when a written decision is delivered to the debtor (referring to the preservative custodian when he/she is selected and appointed).

(3) When a judgment (excluding any decision to alter or rescind the general prohibition order) is granted against the cancellation order provided for in the provisions of Article 45 (5) and the immediate appeal provided for in the provisions of paragraph (6) of the same Article, the court shall serve a written judgment on each of the parties thereto. In this case, the provisions of Articles 10 and 11 shall not apply thereto.

## Article 47 (Exclusion of Application of General Prohibition Order)

(1) Where a general prohibition order is given and when it is recognized that the general prohibition order is feared to inflict undue damage on the rehabilitation creditor or the rehabilitation secured creditor who is the applicant for the compulsory execution, etc. based on the rehabilitation claim or the rehabilitation security right, the court may exclude the application of the general prohibition order on the rehabilitation creditor or the rehabilitation secured creditor by its inherent jurisdiction or upon receiving an application filed by the rehabilitation creditor or the rehabilitation secured creditor. In this case, the rehabilitation creditor or the rehabilitation secured creditor may enforce the compulsory execution, etc. against the debtor's assets based on the rehabilitation claim or the rehabilitation security right, and the procedures for compulsory execution based on the rehabilitation claim or the rehabilitation security right that is exercised by the rehabilitation creditor or the rehabilitation secured creditor before the general prohibition order is given may continue.

(2) When the provisions of Article 45 (8) apply to anyone who is subject to the decision referred to in the provisions of paragraph (1), the "date on which the effect of the order ceases" in Article 45 (8) shall be deemed the "date on which the decision provided for in the provisions of Article 47 (1) is made."

(3) An immediate appeal may be filed against the judgment that is issued on the application filed pursuant to the provisions of paragraph (1).

(4) The immediate appeal referred to in paragraph (3) shall not have the effect of suspending any execution.

(5) When a judgment is issued on the application referred to in paragraph (1) and a judgment is issued on the immediate appeal referred to in paragraph (3), the court shall serve its written decision on each of the parties. In this case, the provisions of Article 10 shall not apply thereto.

## Article 48 (Restrictions on Withdrawal of Application for Commencing Rehabilitation

Procedures, etc.)

(1) Anyone who files an application for commencing rehabilitation procedures may withdraw his/her application only up until a decision is made to commence the rehabilitation procedures.
(2) No one shall withdraw his/her application for commencing rehabilitation procedures and his/her application for the preservation disposition without obtaining permission therefor from the court after the decision falling under any of the following subparagraphs is made:

1. A decision on the preservation disposition provided for in the provisions of Article 43 (1);
2. A decision on the preservation and management order provided for in the provisions of Article 43 (3);
3. A decision on the suspension order provided for in the provisions of Article 44 (1); or
4. A decision on the general prohibition order provided for in the provisions of Article 45 (1).

## SECTION 2 Decision on Commencement of Rehabilitation Procedures

### Article 49 (Decision on Commencement of Rehabilitation Procedures)

(1) When the debtor files an application for commencement of rehabilitation procedures, the court shall determine whether to commence such rehabilitation procedures within one month from the date such application is filed for commencement of rehabilitation procedures.
(2) The date and the time of the decision shall be setout in a written decision on the commencement of rehabilitation procedures.
(3) The effect of the decision on the commencement of rehabilitation procedures shall arise from the time such decision is made.

### Article 50 (Matters that Must Be Prescribed When Decision Made on Commencement of Rehabilitation Procedures)

(1) When it is decided that rehabilitation procedures shall commence, the court shall select and appoint one or multiple custodians after hearing the opinions of the Custodial Committee and the Creditors' Consultative Council and prescribe matters falling under each of the following subparagraphs:

1. The date on which the first meeting of interested persons is held; in this case, the date shall be set within 4 months from the date on which a decision is made on the commencement of rehabilitation procedures;
2. The period during which custodians have to prepare and submit the list provided for in the provisions of Article 147 (1); in this case, the period shall be between at least 2 weeks to not more than 2 months from the date on which a decision is made on the commencement of rehabilitation procedures;
3. The reporting period for rehabilitation claims, rehabilitation security rights, shares or equity shares (hereinafter referred to as the "reporting period" in this Part); in this case, the reporting period shall be between at least one week to not more than one month from the last day of the submission period that is set pursuant to the provisions of subparagraph 2; and
4. The inspection period for rehabilitation claims and rehabilitation security rights that are entered in the list or reported (hereinafter referred to as the "inspection period" in this Part); in this case, the inspection period shall be between at least one week to not more than one month from the last day of the reporting period.

(2) The court may extend or shorten the period referred to in each subparagraph of paragraph (1) on the grounds of special circumstances.

### Article 51 (Publication and Service of Commencement of Rehabilitation Procedures)

(1) When the court decides to commence the rehabilitation procedures, it shall publish without delay matters falling under each of the following subparagraphs:

1. The main sentence of the decision on the commencement of rehabilitation procedures;
2. The name or trading name of the custodian;
3. The period and the date that are set pursuant to the provisions of Article 50; and
4. For anyone who holds the debtor's assets for which the rehabilitation procedures commence or bears the debtor's obligations, a provision that he/she shall not transfer the assets to the

debtor for whom the rehabilitation procedures commence. a provision that he/she shall not repay the debtor's obligations and an order providing that, within a certain period of time he/she must report to any custodian the fact that he/she holds the property of the debtor for whom the rehabilitation procedures commence or bears the debtor's obligations.

(2) The court shall serve a written statement that contains the matters referred to in each subparagraph of paragraph (1) upon the person or persons falling under each of the following subparagraphs:

1. The custodian;
2. The debtor;
3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are known to the court; and
4. Persons who hold the debtor's assets for which rehabilitation procedures commence or bear the debtor's obligations.

(3) The provisions of paragraphs (1) and (2) shall apply *mutatis mutandis* to cases where any change accrues in the matters referred to in paragraph (1) 2 through 4: *Provided*, That a change in the inspection period may not be published.

(4) Anyone who fails to make the report provided for in the provisions of paragraph (1) 4 intentionally or negligently shall compensate for any damage incurred to the debtor's property by his/her failure.

### Article 52 (Notification of Commencement of Rehabilitation Procedures)

When it is decided to commence the rehabilitation procedures for a debtor who is a stock company, the court shall notify the administrative agency in charge of supervising the debtor's business, the Minister of Justice and the Financial Supervisory Commission of the matters referred to in each subparagraph of Article 51 (1). The same shall apply to a case where any change accrues in the matters referred to in Article 51 (1) 2 and 3.

### Article 53 (Immediate Appeal Filed against Determination on Application for Commencing Rehabilitation Procedures)

(1) An immediate appeal may be filed against a determination on an application for commencing the rehabilitation procedures.

(2) The provisions of Articles 43 through 47 shall apply *mutatis mutandis* to a case where an immediate appeal referred to in the provisions of paragraph (1) is filed against a decision to decline an application for commencing rehabilitation procedures.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall not have the effect of suspending any execution.

(4) When it is recognized that the procedures for the immediate appeal are in violation of Acts and the immediate appeal lacks grounds, the appellate court shall declineor dismiss such immediate appeal.

(5) When any immediate appeal is recognized to have grounds, the appellate court shall cancel the decision made by the court of original jurisdiction and remand the case to the court of origin.

### Article 54 (Cancellation of Decision on Commencement of Rehabilitation Procedures)

(1) When a decision to cancel a decision on the commencement of rehabilitation procedures is confirmed, the court shall publish without delay the main passage of such decision.

(2) The provisions of Articles 51 (2) and 52 shall apply *mutatis mutandis* to the case of paragraph (1).

(3) When a decision to cancel the decision on the commencement of rehabilitation procedures is confirmed, the custodian shall repay publicinterest claims and in the case of the public-interest claims to which an objection is raised, deposit such public-interest claims for creditors.

### Article 55 (Capital Reduction, etc. after Commencement of Rehabilitation Procedures)

(1) The debtor shall be prohibited from performing an act falling under any of the following subparagraphs without resorting to rehabilitation procedures between the time the rehabilitation procedures commence to the time the rehabilitation procedures are completed:

1. The act of reducing the amount of capital or investment;
2. The act of admitting equitable interest holders or issuing new shares or bonds;
3. The act of increasing the amount of capital or investment;

4. The act of performing an all-inclusive exchange of shares or allinclusive transfer of shares;
5. The act of performing any merger, any split, any merger by split or any change in organization;
6. The act of dissolving any company or keeping any company in existence; and
7. The act of distributing profits or interest.

(2) Permission therefor shall be obtained from the court, when it is intended to amend the articles of incorporation of a corporate debtor without resorting to rehabilitation procedures between the time the rehabilitation procedures commence until the time the rehabilitation procedures are completed.

### Article 56 (Management of Business and Assets after Commencement of Rehabilitation Procedures)

(1) When it is decided to commence rehabilitation procedures, the authority to conduct the debtor's business, and manage and dispose of his/ her assets shall be exclusively vested in a custodian.

(2) The directors of a debtor who is an individual or the debtor who is not an individual shall be prohibited from infringing on, or interfering with the exercise of the authority of any custodian referred to in the provisions of paragraph (1).

### Article 57 (Furnishing of Information, etc.)

A custodian shall furnish information and materials pertaining to the debtor's business and enterprise to anyone who intends to perform an act falling under any of the following subparagraphs under the conditions as prescribed by the Supreme Court: *Provided*, That when any justifiable grounds exist, the custodian may refuse to furnish such information and materials:

1. The act of acquiring by transfer the whole or part of the debtor's business, enterprise and major assets;
2. The act of acquiring by transfer, the debtor's shares or equity shares with the aim of taking over the debtor's governance right; and
3. The act of performing an all-inclusive exchange and an all-inclusive transfer of the debtor's shares, any merger or merger by split of the debtor's business.

### Article 58 (Suspension, etc. of Other Procedures)

(1) When it is decided to commence the rehabilitation procedures, an act falling under any of the following subparagraphs shall be prohibited from being performed:

1. The act of filing a petition of bankruptcy or filing an application for commencing the rehabilitation procedures;
2. The act of enforcing compulsory execution based on any rehabilitation claim or any rehabilitation security right; or
3. The act of taking a disposition for the recovery of arrears based on a claim that is recoverable according to the example of a disposition taken to collect national taxes in arrears and whose ranking of collection priority is lower than that of the general rehabilitation claim.

(2) When it is decided to commence the rehabilitation procedures, the procedures falling under any of the following subparagraphs shall be suspended:

1. Bankruptcy procedures;
2. Procedures for compulsory execution, etc. that is already executed based on a rehabilitation claim or a rehabilitation claim on the debtor's assets; and
3. Procedures for a disposition for the recovery of arrears based on the claim that is collectable according to the example of collecting national taxes, whose ranking of collection priority is lower than that of the general rehabilitation claim.

(3) When it is decided to commence rehabilitation procedures, the disposition for the recovery of arrears against the debtor's assets based on a rehabilitation claim or a rehabilitation security right pursuant to the National Tax Collection Act and the Local Tax Act, the disposition for the recovery of arrears on the claim that is collectible according to the example of collecting national taxes and whose rank of collection priority is lower than that of the general rehabilitation claim and the disposal of goods that are offered as security for a tax liability shall not be taken and executed. Any disposition that has already been taken shall be suspended during the period whose last day

first arrives among the period falling under each of the following subparagraphs. In this case, when it is deemed necessary, the court may extend the period within the scope of not more than one year by its inherent jurisdiction or upon receiving an application filed by any custodian:

1. The period ranging from the date on which it is decided to commence rehabilitation procedures to the date until which the rehabilitation plan is authorized;
2. The period ranging from the date on which it is decided to commence rehabilitation procedures until the date on which the rehabilitation procedures are completed; or
3. The period ranging from the date on which it is decided to commence rehabilitation procedures until the date on which 2 years have lapsed thereafter.

(4) The prescription of the disposition shall not proceed during the period in which the disposition can not be taken or is suspended pursuant to the provisions of paragraph (3).

(5) When it is recognized that nothing prevents the rehabilitation, the court may order the continuation of the procedures or the disposition suspended pursuant to the provisions of paragraph (2) by its inherent jurisdiction or upon receiving an application filed by a custodian or the person who is authorized to collect claims provided for in the provisions of Article 140 (2). When it is deemed necessary for the rehabilitation, the court may order the cancellation of the procedures or the disposition suspended pursuant to the provisions of paragraph (2) by requiring or not requiring any security to be furnished by its inherent jurisdiction or upon receiving an application filed by any custodian: *Provided*, That the same shall not apply to bankruptcy procedures.

(6) Claims for expenses on the debtor for resuming the continuation of the procedures or the disposition pursuant to the provisions of paragraph (5) shall be made public-interest claims.

## Article 59 (Suspension, etc. of Litigation Procedures)

(1) When it is decided to commence rehabilitation procedures, litigation procedures on the debtor's assets shall be suspended.

(2) Any custodian or any other party may subrogate any litigation procedures that are unrelated to the rehabilitation claim or the rehabilitation security right among those litigation procedures suspended pursuant to the provisions of paragraph (1). In this case, the claim for litigation expenses on the debtor shall be made public-interest claims.

(3) When the rehabilitation procedures are completed prior to the subrogation referred to in the provisions of paragraph (2), the debtor shall take subrogation of the litigation procedures as a matter of course.

(4) When the rehabilitation procedures are completed after the subrogation is made pursuant to the provisions of paragraph (2), the litigation procedures shall be suspended. In this case, the debtor shall subrogate the litigation procedures.

(5) In the case of paragraph (4), any other party may also subrogate the litigation procedures.

(6) The provisions of paragraphs (1) through (5) shall apply *mutatis mutandis* to cases involving the debtor's property that are pending in the administrative agencies at the time that rehabilitation procedures commence.

## Article 60 (Transfer)

(1) The rehabilitation court (referring to the district court in which a rehabilitation case is pending; hereinafter the same shall apply) may, when any lawsuit involving the debtor's assets is pending in another court at the time that the rehabilitation procedures commence, claim the transfer of such lawsuit to it by its decision. The same shall apply to cases where such lawsuit is pending in another court after the rehabilitation procedures commence.

(2) When the decision referred to in paragraph (1) is made, the court shall, upon receiving the claim for the transfer of the lawsuit, transfer it to the rehabilitation court.

(3) The transfer referred to in paragraph (2) may be peformed even during the interruption or the suspension of the litigation procedures.

(4) The provisions of paragraphs (1) through (3) shall not apply to any lawsuit that is pending in an appellate court.

## Article 61 (Act Needed to Obtain Permission from Court)

(1) When any custodian intends to perform an act falling under any of the following subparagraphs and it is deemed necessary, the court may require him/her to obtain its

permission therefor:

    1. The act of disposing of any assets;

    2. The act of acquiring any assets by transfer;

    3. The act of leasing assets including the borrowing of any funds;

    4. The act of cancelling or terminating any contract pursuant to the provisions of Article 119;

    5. The act of filing a lawsuit;

    6. The act of making a compromise or concluding any arbitration agreement;

    7. The act of relinquishing any rights;

    8. The act of approving public-interest claims or rights of re-acquisition; and

    9. Other acts designated by the court.

(2) Every custodian shall be prohibited from performing acts falling under any of the following subparagraphs without obtaining permission therefor:

    1. The act of acquiring the debtor's business or assets by transfer;

    2. The act of transferring his/her business or assets to the debtor; and

    3. The act of effecting any transaction with the debtor in the interest of himself and any third person.

(3) The acts referred to in each subparagraph of paragraph (1) or (2) that is performed without obtaining the court's permission therefor shall be invalidated: *Provided*, That such act cannot set aside with any bona fide third person.

### Article 62 (Transfer of Business, etc.)

(1) If it is deemed necessary to rehabilitate a debtor, any custodian may transfer the whole or the main part of the business or the enterprise of such debtor after obtaining the court's permission therefor after the rehabilitation procedures commence even before the rehabilitation plan is authorized.

(2) When the count grants the permission referred to in the provisions of paragraph (1), it shall hear the opinion of each person falling under the following subparagraphs:

    1. The Custodial Committee;

    2. The Creditors' Consultative Council;

    3. The union that is organized by a majority of the debtor's workers; and

    4. When the union referred to in subparagraph 3 is not organized, the person who represents a majority of the debtor's workers.

(3) In case where the permission referred to in the provisions of paragraph (1) is granted, the court shall determine ways to spend the transfer price.

(4) Where the permission referred to in paragraph (1) is granted, when the total amount of all obligations of the corporate debtor exceed his/her total amount of assets, the court may substitute such permission for a resolution passed at the general meeting of shareholders provided for in the provisions of Article 374 (1) of the Commercial Act by its inherent jurisdiction or upon receiving an application filed by the custodian. In this case, the provisions of Articles 374 (2) and 374-2 of the Commercial Act and the provisions of Article 191 of the Securities and Exchange Act shall not apply thereto.

(5) The provisions of Article 61 (3) shall apply *mutatis mutandis* to any act that is performed without obtaining the permission referred to in the provisions of paragraph (1).

### Article 63 (Service, etc. of Decision on Permission to Transfer Business, etc. of Stock Company)

(1) The court shall, when it makes the decision provided for in the provisions of Article 62 (4), serve a written decision on any custodian and also serve a written statement containing summary of such decision on each of shareholders.

(2) The effect of a decision made pursuant to the provisions of Article 62 (4) shall accrue when it is served on the custodian.

(3) Any shareholder may immediately file an appeal against a decision that is made pursuant to the provisions of Article 62 (4).

### Article 64 (Act of Debtor after Commencement of Rehabilitation Procedures)

(1) When the debtor performs any legal act in relation to his/her assets after the rehabilitation procedures commence, he/she shall be prohibited from claiming any effects that accrue from the

rehabilitation procedures.

(2)In applying the provisions of paragraph (1), the legal act that is performed by the debtor on the date on which the rehabilitation procedures commence shall be presumed as having been performed after the rehabilitation procedures have commenced.

### Article 65 (Acquisition of Right after Commencement of Rehabilitation Procedures)

(1) Notwithstanding anyone acquiring rights in the debtor's assets based on his/her rehabilitation claim or his/her rehabilitation security right without resorting to the debtor's act after the rehabilitation procedures commence, he/she shall not claim the effect of his/her acquisition thereof in relation to the rehabilitation procedures.

(2) The provisions of Article 64 (2) shall apply *mutatis mutandis* to the acquisition referred to in the provisions of paragraph (1).

### Article 66 (Recording and Registration after Commencement of Rehabilitation Procedures)

(1) Any recording and any provisional recording that are effected after the commencement of rehabilitation procedures on the grounds of the reason for recording that arises before the rehabilitation procedures commence for any real estate or any ship shall not claim their effects in relation to the rehabilitation procedures: *Provided*, That the same shall not apply to a case where the register authority effects the principal recording without knowledge of the fact that the rehabilitation procedures have commenced.

(2) The provisions of paragraph (1) shall apply *mutatis mutandis* to the registration and the provisional registration of the establishment, transfer or change of rights.

### Article 67 (Repayment Made to Debtor after Commencement of Rehabilitation Procedures)

(1) Any repayment made to the debtor without knowledge of the fact that rehabilitation procedures have commenced may claim its effect in relation to the rehabilitation procedures.

(2) Any repayment made to the debtor with knowledge of the fact that the rehabilitation procedures have commenced after such rehabilitation procedures commence may claim its effect only within the limit of the profits that accrue to the debtor's assets in relation to the rehabilitation procedures.

### Article 68 (Presumption of Good Faith or Bad Faith)

In applying the provisions of Articles 66 and 67, it shall be presumed that the fact of the commencement of rehabilitation procedures is not known before the rehabilitation procedures are published and it shall be presumed that the fact thereof is known after the rehabilitation procedures are published.

### Article 69 (Co-Ownership Relationship)

(1) Where the debtor jointly holds any property rights with any other person, notwithstanding they have an agreement that prohibits them from dividing such property right, any custodian may claim the division of such property rights at the time that rehabilitation procedures commence.

(2) In the case of paragraph (1), any co-owner may acquire the debtor's share after paying a fair price therefor.

### Article 70 (Reacquisition Rights)

The commencement of rehabilitation procedures shall not affect the right to reacquire any assets that do not belong to the debtor from such debtor.

### Article 71 (Reacquisition of Sold Goods in Transit)

(1) When any seller ships out his/her goods that is the object of the sale and purchase and rehabilitation procedures commence for the purchaser who fails to take over such goods at the destination of the goods after paying the price therefor in full, the seller may reacquire such goods. In this case, any custodian may require the delivery of such goods after paying the price therefor in full after obtaining permission therefor from the court.

(2) The provisions of paragraph (1) shall not exclude the application of the provisions of Article 119.

### Article 72 (Right to Reacquire by Commission Agents)

The provisions of Article 71 (1) shall apply *mutatis mutandis* to a case where any commission agent who is entrusted with the purchase of goods ships out such goods to anyone who entrusts

such commission agent.

### Article 73 (General Reacquisition Rights)

(1) When the debtor transfers his/her assets that are subject to reacquisition rights before rehabilitation procedures commence, the reacquisition right holder may claim the transfer of the rights to claim the performance of the benefit in return. The same shall apply to a case where any custodian transfers any assets that are subject to reacquisition rights.

(2) In the case of paragraph (1), any custodian receives the performance of the benefit in return, the reacquisition right holder may claim the return of the assets that the custodian receives as the benefit in return.

## CHAPTER II INSTITUTIONS IN CHARGE OF REHABILITATION PROCEDURES

### SECTION 1 Custodians

### Article 74 (Selection and Appointment of Custodians)

(1) The court shall select and appoint persons who are fully qualified to perform duties as custodians after hearing the opinions of the Custodial Committee and the creditors' consultative council.

(2) The court shall select and appoint individual debtors and debtors' non-individual representatives as custodians with the exception of instances falling under each of the following subparagraphs:

1. When the debtor's bankruptcy is caused by the property's diversion, or concealment of assets or poor corporate governance by a person falling under any of the following subparagraphs, for which the latter is wholly responsible:
   (a) An individual debtor;
   (b) The director of a non-individual debtor; and
   (c) The manager of the debtor;
2. When the request from the Creditors' Consultative Council has any justifiable grounds; and
3. When the debtor's rehabilitation is necessary.

(3) Notwithstanding the provisions of paragraph (1), where the debtor is an individual, a smalland medium-sized businessman and any person who is prescribed by the rules of the Supreme Court, any custodian may not be selected or appointed: *Provided*, That in case where it is recognized that the grounds referred to in any subparagraph of paragraph (2) exist at the time that the rehabilitation procedures are in progress, a custodian may be selected and appointed.

(4) Where no custodian is selected and appointed, the debtor (referring to the debtor's representative where the debtor is not an individual) shall be deemed the custodian provided for in the provisions of this Part.

(5) Where any custodian is selected and appointed, the court shall question the debtor or the debtor's representative, with the exception where acute circumstances exist.

(6) Any corporation may become a custodian. In this case, such corporation shall nominate a person from among its directors to perform the duties of the custodian and make a report thereon to the court.

### Article 75 (Performance of Duties by Multiple Custodians)

(1) When multiple custodians are involved, they shall perform their duties jointly. In this case, they may share their duties after obtaining permission therefor from the court.

(2) When multiple custodians are involved, the wishes of third persons may be expressed to one custodian.

### Article 76 (Acting Custodians)

(1) When it is deemed necessary, each custodian may select and appoint one or multiple acting custodians at his/her own risk to perform his/her duties.

(2) The selection and appointment of acting custodians as referred to in the provisions of

paragraph (1) shall obtain permission therefor from the court.

(3) When the court grants the permission pursuant to the provisions of paragraph (2), it shall publish such permission. The same shall apply to a case where the court alters or rescinds its permission to select and appoint acting custodians.

(4) Where the debtor is a corporation, when the permission provided for in the provisions of paragraph (2) is granted, the clerk, etc. of the court shall promptly commission by their inherent jurisdiction the registry office to register the selections and appointments of acting custodians by providing such registry office with a written commission accompanied by a certified copy of the written decision. The same shall apply to a case where the permission to select and appoint acting custodians is altered or rescinded.

(5) Acting custodians may perform any act on behalf of custodians, with the exception of any act involving any trial or related to any trial.

### Article 77 (Advisers)

Custodians may, when it is deemed necessary, select and appoint legal and corporate governance experts as their advisers after obtaining permission therefor from the court.

### Article 78 (Standing to Sue)

Every custodian shall be a party in the lawsuit involving the debtor's assets.

### Article 79 (Inspection, etc. by Custodians)

(1) Every custodian may ask anyone falling under any of the following subparagraphs to report on the current state of the debtor's business and assets, and may inspect the debtor's books, documents, cash and goods:

1. An individual debtor or his/her legal representative;
2. The director, auditor, liquidator and any other person corresponding thereto of a debtor who is not an individual; and
3. The debtor's manager or employee.

(2) If it is deemed necessary, any custodian may select and appoint any appraiser to perform the appraisal after obtaining permission therefor from the court.

(3) Every custodian may, when he/she performs the inspection referred to in the provisions of paragraph (1), ask for the assistance of any executor after obtaining permission therefor from the court.

### Article 80 (Management of Postal Items and Ceasation of their Management)

(1) The court may commission any postal service agency, any transporter and any other person to deliver postal items, telegraphs and cargoes, any of which are sent to the debtor or to any custodian.

(2) The custodian may open the postal items, telegraphs and cargo that are delivered to him/her pursuant to the provisions of paragraph (1).

(3) The debtor may ask for the inspection of the postal items, telegrams and cargo provided for in the provisions of paragraph (2) and ask for the delivery of any of them to him/her that is unrelated to his/her property.

(4) The court may alter or rescind the commission referred to in the provisions of paragraph (1) upon receiving a claim filed by the debtor or by its inherent jurisdiction after hearing the opinion of the relevant custodian.

(5) When the rehabilitation procedures are completed, the court shall rescind the commission referred to in the provisions of paragraph (1).

### Article 81 (Supervision of Custodians)

(1) Custodians shall be placed under the supervision of the court.

(2) The court shall deliver a written statement attesting the selection and appointment to each custodians.

(3) Every custodian shall, when he/she performs his/her duties, at the request of any interested person, produce his/her written statement referred to in the provisions of paragraph (2) to the latter.

### Article 82 (Obligations, etc. of Custodians)

(1) Every custodian shall perform his/her duties with the due care of a good manager.

(2) When any custodian neglects to take the due care referred to in the provisions of paragraph (1), he/she shall be liable to indemnify any interested person for damage incurred by his/her negligence. In this case, when more than one custodian neglects to take such due care, they shall be jointly liable to indemnify him/her for such damage.

### Article 83 (Resignation and Dismissal of Custodians)

(1) Every custodian may, when he/she has any justifiable grounds, resign as a custodian after obtaining permission therefor from the court.

(2) Upon receiving an application filed by any interested person, the court may dismiss any custodian by its inherent jurisdiction, on the grounds that fall under each of the following subparagraphs. In this case, the court shall question such custodian:

1. When the grounds provided for in the provisions of Article 74 (2) 1 are found in relation to the custodian after he/she is selected and appointed as a custodian;
2. When the custodian violates the duties provided for in the provisions of Article 82 (1);
3. When the custodian is found to lack management ability; or
4. When other extenuating grounds exist.

(3) An immediate appeal may be filed against a decision to dismiss any custodian under the provisions of paragraph (2).

(4) The immediate appeal referred to in the provisions of paragraph (3) shall not have the effect of suspending any execution.

(5) When the court selects and appoints a new custodian after dismissing a custodian pursuant to the provisions of paragraph (2), the provisions of Article 74 (2) shall not apply thereto.

### Article 84 (Obligation to Report Upon Completion of Duties)

(1) When any custodian completes his/her duties, such custodian or his/ her successor shall promptly make an accounting report to the court.

(2) Where pressing circumstances arise when any custodian completes his/her duties, such custodian or his/her successor shall take a necessary steps to manage the assets until the time his/her successor or the debtor is able to manage such assets.

## SECTION 2 Preservative Custodians

### Article 85 (Authority of Preservative Custodians)

When the preservation and the management orders provided for in the provisions of Article 43 (3) are given, the debtor's authority to run his/ her business, manage his/her assets and take any disposition shall be exclusively vested in the preservative custodian until the time it is decided to commence the rehabilitation procedures.

### Article 86 (*mutatis mutandis* Application of Provisions Governing Custodians)

(1) The provisions of Articles 61, 74, 75, 78 through 84, and 89 shall apply *mutatis mutandis* to preservative custodians.

(2) The provisions of Article 59 (1) and (2) shall apply *mutatis mutandis* to a case where the preservation and the management orders are given and the provisions of Article 59 (3) through (5) shall apply *mutatis mutandis* to a case where the effect of the preservation and the management orders respectively lose.

(3) The provisions of Articles 59 (1) through (5) shall apply *mutatis mutandis* to cases involving the debtor's assets that are pending in any administrative agencies at the time that the preservation and the management orders are given. In this case, the "time the rehabilitation procedures are completed" in the provisions of Article 59 (3) and (4) shall be deemed the "time the preservation and the management order ceases to have effect".

## SECTION 3 Inspectors

### Article 87 (Inspectors)

(1) When it is deemed necessary, the court may select and appoint one or multiple inspectors after hearing the opinion of the Custodial Committee.

(2) The inspectors shall be selected and appointed from among persons of profound learning and experience in inspection, who have no interests in the rehabilitation procedures.

(3) When the court selects and appoints inspectors, it may requuire such inspectors to inspect the matters provided for in the provisions of Articles 90 through 92 for a fixed period and ask them to put forward their opinions as to whether it is appropriate to continue the rehabilitation procedures.

(4) When it is deemed necessary, the court may require the inspectors to inspect other matters than the matters referred to in the provisions of paragraph (3) and to report the result of such inspection.

(5) When reasonable grounds exist, the court may dismiss any inspector by its inherent jurisdiction or upon receiving an application filed by any interested person. In this case, the court shall question the relevant inspector.

### Article 88 (*mutatis mutandis* Application of Provisions Governing Inspectors)
The provisions of Articles 79, and 81 through 83 (1) shall apply *mutatis mutandis* to the inspectors.


## CHAPTER III INSPECTION AND SECURING OF DEBTOR'S ASSETS

### SECTION 1 Inspection of Debtor's Assets

### Article 89 (Management of Debtor's Business and Property)
Every custodian shall attend to the tasks of managing the debtor's business and assets immediately after he/she assumes his/her post.

### Article 90 (Appraisal of Asset Value)
Every custodian shall appraise without delay the value of all of the assets that belong to the debtor at the time that rehabilitation procedures commence after he/she takes up his/her post. In this case, the relevant custodian shall allow the debtor to participate in the appraisal thereof, save when his/her participation is feared to delay the appraisal of such value.

### Article 91 (Preparation of Assets Inventory and Balance Sheet)
Every custodian shall prepare an inventory of the debtor's assets and balance sheet at the time that the rehabilitation procedures commence and then submit them to the court immediately after assuming their posts.

### Article 92 (Inspection and Report by Custodians)
Every custodian shall promptly inspect the matters falling under each of the following subpargraphs and then report the result of the inspection to the court and the Custodial Committee on or before the date on which the first meeting of persons concerned is held:
1. Circumstances in which the debtor has to face the commencement of rehabilitation procedures;
2. Matters concerning the debtor's business and assets;
3. Whether circumstances exist that require the preservation disposition provided for in the provisions of Article 114 (1) or the final inspection judgment provided for in the provisions of Article 115 (1); and
4. Other matters that are necessary for the debtor's rehabilitation.

### Article 93 (Other Reports, etc.)
Every custodian shall report the current state of the management of the debtor's business and assets in addition to the matters provided for in the provisions of Articles 90 through 92 and other matters that are ordered by the court under the conditions as prescribed by the court and prepare the debtor's asset inventory and balance sheet as of the date on which the rehabilitation plan is authorized and as of the time that is set by the court, and submit a certified copy of the debtor's asset inventory and balance sheet to the court.

### Article 94 (Appraisal of Fixed Assets Used for Business)

(1) Every custodian shall, when he/she prepares the debtor's asset inventory and balance sheet, prepare them according to accounting practices that are generally recognized as being fair and appropriate.

(2) The provisions of subparagraph 2 of Article 31 of the Commercial Act shall not apply to the case of paragraph (1).

### Article 95 (Keeping of Documents)

The documents that are submitted to the court pursuant to the provisions of Articles 87, and 91 through 93 shall be retained by the court for the purpose of offering them for inspection by interested persons.

### Article 96 (Suspension of Business)

Where the continuation of the debtor's business is recognized as being inappropriate on the grounds of special circumstances, any custodian may suspend the debtor's business after obtaining permission therefor from the court.

### Article 97 (Means, etc. to Keep Assets)

The court may prescribe means to keep money and other assets and necessary matters concerning cash revenues and expenditure.

### Article 98 (First Meeting of Persons Concerned)

Every custodian shall make a summary report of the matters provided for in the provisions of each subparagraph of Article 92 at the first meeting of persons concerned.

### Article 99 (Court's Hearing of Opinions)

At the first meeting of persons concerned, the court shall hear the opinions of persons falling under each of the following subparagraphs with respect to the selection and appointment of custodians and inspectors, the management of the debtor's business and assets, and whether the continuation of rehabilitation procedures is appropriate:

1. Custodians and inspectors;
2. The Debtor; and
3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are entered in the list provided for in the provisions of Article 147 (1) or reported.

## SECTION 2 Negation Right

### Article 100 (Negational Act)

(1) Any custodian may set aside acts falling under any of the following subparagraphs for the debtor's assets after rehabilitation procedures commence:

1. An act performed by the debtor with knowledge that such act damages any rehabilitation creditor or any rehabilitation secured creditor: Provided, That the same shall not apply to a case where anyone who receives any benefit from the act without the knowledge that the act causes damage to such rehabilitation creditor or such rehabilitation secured creditor at the time that such act is performed;
2. An act that causes damage to any rehabilitation creditor or any rehabilitation secured creditor, furnishing any security or extinguishing any obligation, which is performed by the debtor after the payment is suspended, an application is filed for commencement of rehabilitation procedures or a petition is filed for bankruptcy; Provided, That it is limited to the time anyone who receives any benefit from the act is aware of the fact that the payment, etc. is suspended and the act causes damage to any rehabilitation creditor or any rehabilitation secured creditor at the time that such act is performed;
3. The act of furnishing any security or extinguishing any obligation, which is performed by the debtor within 60 days before or after the date on which the debtor suspends his/her payment, etc. and such act does not pertain to the debtor's obligations and the method and the time of such act do not belong to the debtor's obligation: Provided, That the same shall not apply to a case where the debtor learns of the fact that the debtor's act undermines the equality with other rehabilitation creditor or other rehabilitation secured creditor at the time that he/she performs such act (when the act is performed after the payment is suspended, limited to a

case where the debtor learns that such payment is suspended); and

4. Any gratuitous act or act for valuable consideration that may be deemed identical to the former, which is performed by the debtor before or after 6 months from the date on which the debtor suspends his/her payment.

(2) The provisions of paragraph (1) shall not apply to the debtor's act of furnishing any security or extinguishing any obligation for anyone who holds the authority to collect claims provided for in the provisions of Article 140 (1) and (2).

## Article 101 (Special Rules Governing Act Performed for Specially Related Persons as Other Parties)

(1) In the application of the provisions of the proviso to Article 100 (1) 2, when any person who receives any benefit is in a special relationship with the debtor, the scope of which is prescribed by the Presidential Decree, (hereafter in this Article, refers to the "specially related person"), the specially related person shall be presumed to be aware of the fact that the payment, etc. are suspended and he/she causes damage to any rehabilitation creditor or any rehabilitation secured creditor at the time that he/she performs such act.

(2) In applying the provisions of Article 100 (1) 3, when any act is performed in relation to the specially related person as another party, "60 days" provided for in the provisions of the main sentence of the same subparagraph shall be deemed "one year" and in applying the proviso to the same subparagraph, it is presumed that the specially related person is aware of the fact that the debtor undermines equality with other rehabilitation creditors or other rehabilitation secured creditor at the time that the debtor performs the act that undermines such equality.

(3) In applying the provisions of Article 100 (1) 4, any act is performed in relation to the specially related person as another party, "60 days" provided for in the same subparagraph shall be deemed "one year."

## Article 102 (Exception of Payment of Obligations of Bill)

(1) The provisions of Article 100 (1) shall not apply to a case where anyone who is entitled to claim payment of any bill by the debtor, if he/she fails to be paid such bill, loses his/her right on bills to be paid by one or multiple debtors.

(2) In the case of paragraph (1), when any final obligor for compensation or anyone who commissions the issuance of bills learns of the payment suspension, etc. or fails to become aware due to negligence, any custodian may cause him/her to refund the amount paid by the debtor.

## Article 103 (Negation of Requirements for Establishing Alteration of Right and Requirements for Counteraction)

(1) Where any necessary act is performed to establish, transfer or alter rights with the aim of countering any third person after payment, etc. is suspended, when such necessary act is performed with the knowledge that the payment, etc. is suspended after the lapse of 15 days from the date on which such necessary act is performed to establish, transfer or alter the rights, such necessary act may be set aside: *Provided*, That the same shall not apply to a case where any principal registration or any principal recording is effected based on any provisional registration or any provisional recording after such provisional registration or such provisional recording is effected.

(2) The provisions of paragraph (1) shall apply *mutatis mutandis* to any registration or any recording that effects the acquisition of rights.

## Article 104 (Negation of Execution Act)

The right to set aside may be exercised when the source of the execution right that holds the authority to execute the act subject to be set aside, or the act is performed by the act of execution.

## Article 105 (Methods of Exercising Right to Set Aside)

(1) Every custodian shall exercise the right to set aside by means of lawsuit, a claim filed for avoidance or defence.

(2) The court may order any custodian to exercise the right to set aside by its inherent jurisdiction or upon receiving an application filed by any rehabilitation creditor, any rehabilitation secured

creditor, any shareholder and any equity right holder.

(3) The lawsuit and the case of claim for avoidance shall be placed under the exclusive jurisdiction of the rehabilitation court.

### Article 106 (Claims Filed for Avoidance)

(1) Every custodian shall, when he/she files a claim for avoidance, substantiate the factual basis for such avoidance.

(2) Any judgment that cites a claim for avoidance or declines a claim for negation shall be made based on a decision that is accompanied by reasons therefor.

(3) When the court makes the decision referred to in paragraph (2), it shall examine other parties.

(4) When the court decides to cite a claim for avoidance, it shall deliver a written decision thereon to each of the parties.

### Article 107 (Lawsuit Filed against Decision to Cite Claim for Avoidance)

(1) Anyone who is dissatisfied with any decision to cite a claim for avoidance may file a lawsuit against such decision within one month from the date on which he/she takes the delivery of such decision.

(2) The period referred to in the provisions of paragraph (1) shall be invariable.

(3) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court.

(4) The judgment on the lawsuit filed pursuant to the provisions of paragraph (1) shall authorize, alter or revoke the decision to cite the claim for avoidance: *Provided*, That the same shall not apply to a case where the lawsuit is declined on the grounds of being unlawful.

(5) When a judgment that authorizes the whole or part of the decision (limited to the part of the decision that is authorized in the judgment) to cite the claim for avoidance is confirmed, the decision shall have the same effect as the effect of the final decision. The same shall apply to the decision to cite the claim for avoidance in case where the lawsuit referred to in the provisions of paragraph (1) is not filed, is withdrawn or is declined within the period that is set pursuant to the provisions of the same paragraph.

### Article 108 (Effect, etc. of Exercise of Negation Right)

(1) The exercise of the right to set aside shall restore the debtor's assets to their original status.

(2) Where the act provided for in the provisions of Article 100 (1) 4 is set aside, when the other party is not aware of the payment suspension, etc. at the time that such act is performed, a refund may be made within the limit of the existing benefits.

(3) Where the debtor's act is set aside, any other party may exercise his/ her right according to the classification falling under any of the following subparagraphs:

1. When the benefit in return that is paid to the debtor does not exist among the debtor's assets, the right to claim the refund of such benefit in return;

2. When all of the profits that accrue from the benefit in return paid to the debtor exist among the debtor's assets, the right to claim the refund of the existing profits in the capacity of a public-interest creditor;

3. When the profits that accrue from the benefit in return paid to the debtor does not exist among the debtor's assets, the right to claim the refund of the value of the benefit in return in the capacity of a rehabilitation creditor; and

4. When part of the profits that accrue from the benefit in return paid to the debtor exist among the debtor's assets, the right to claim the refund of the existing profits in the capacity of a public-interest creditor and the right to claim the refund of the difference between the benefit in return and the existing profits in the capacity of a rehabilitation creditor.

### Article 109 (Restoration of Claims of Other Parties)

(1) Where an act of the debtor is set aside, when the other party refunds any payment that is made to him/her or refunds the value of such payment, the claim of the other party shall be restored to its original status.

(2) When an act of the debtor is set aside after the meeting of persons concerned that is called to deliberate on a draft rehabilitation plan or it is decided to propose a written resolution provided for in the provisions of Article 240 in the agenda of such meeting, notwithstanding the provisions of 152 (3), the other party may subsequently supplement his/her report within one month from the

date on which the act of the debtor is set aside.

### Article 110 (Right to Set Aside against Subsequent Purchasers)

(1) In cases falling under any of the following subparagraphs, the right to set aside may also be exercised against any subsequent purchaser:

1. Where the subsequent purchaser becomes aware of the fact forming the grounds for setting aside exists for the former at the time that the subsequent purchase is effected;
2. Where the subsequent purchaser is a specially related person provided for in the provisions of Article 101: *Provided*, That the same shall not apply to a case where the subsequent purchaser does not become aware of the fact that the grounds for setting aside exists for the former at the time that the subsequent purchase is effected; and
3. Where the subsequent purchaser effects the subsequent purchase on the grounds of a gratuitous act or an act for valuable consideration that may be deemed identical to a gratuitous act, when the grounds for setting aside exists for the former.

(2) The provisions of Article 108 (2) shall apply *mutatis mutandis* to a case where the right to set aside is exercised pursuant to the provisions of paragraph (1) 3.

### Article 111 (Restrictions on Setting Aside Effected on Grounds of Knowledge of Payment Suspension)

Any act that is performed one year prior to the date on which an application is filed for commencement of rehabilitation procedures shall not be set aside on the grounds of knowledge of the fact that the payment is suspended.

### Article 112 (Period for Exercise of Right to Set Aside)

The right to set aside shall not be exercised when 2 years lapse from the date on which rehabilitation procedures commence. The same shall apply to a case where 10 years lapse from the date on which an act provided for in any subparagraph of Article 100 (1) is performed.

### Article 113 (Stay of Proceedings Filed by Creditors for Revocation)

(1) When a lawsuit that is filed by any rehabilitation creditor pursuant to the provisions of Article 406 (1) of the Civil Act and a lawsuit for avoidance filed according to bankruptcy procedures are pending at the time that rehabilitation procedures commence, the proceedings thereof shall be stayed.

(2) The provisions of Article 59 (2) through (5) shall apply *mutatis mutandis* to the case of paragraph (1). In this case, "debtor" in paragraphs (2) and (3) of the same Article shall be deemed "rehabilitation creditor" or "trustee in bankruptcy."

## SECTION 3 Responsibilities of Directors, etc. of Corporations

### Article 114 (Disposition Taken to Preserve Properties of Corporate Directors, etc.)

(1) When it is deemed necessary after a decision is made to commence the rehabilitation procedures for a corporate debtor, the court may take a disposition to preserve the assets of directors, etc. by its inherent jurisdiction or upon receiving an application filed by any custodian in order to preserve the right to claim investments and to claim compensation for damage based on the responsibilities of directors, etc. to the debtor's promoters, directors (including a deemed director under the provisions of Article 401-2 (1) of the Commercial Act), auditors, inspectors or liquidators (hereafter, in this Article through Article 116 referred to as "directors, etc.").

(2) When a custodian does not become aware of the fact that the claim referred to in the provisions of paragraph (1) exists, he shall file an application with the court for a disposition taken to preserve such claim pursuant to the provisions of paragraph (1).

(3) When it is deemed expedient, the court may take the preservation disposition referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by the debtor (when any preservative custodian is selected and appointed, this refers to such preservative custodian) even before a decision is made to commence rehabilitation procedures.

(4) The court may alter or rescind the preservation disposition referred to in the provisions of paragraph (1) or (3) after hearing the opinion of the Custodial Committee.

(5) An immediate appeal may be filed against the preservation disposition referred to in the

provisions of paragraph (1) or (3) and the decision referred to in the provisions of paragraph (4).

(6) The immediate appeal referred to in the provisions of paragraph (5) shall not have the effect of staying any execution.

(7) When a judgment is given on the preservation disposition referred to in the provisions of paragraph (1) or (3) or on the decision referred to in the provisions of paragraph (4) and on the immediate appeal filed against such decision, a written decision shall be delivered to each of the parties.

## Article 115 (Final Inspection Judgment on Right to Claim Compensation for Damage, etc.)

(1) When it is deemed necessary after a decision is made to commence the rehabilitation procedures for a corporate debtor, the court may give a final and conclusive judgment by its inherent jurisdiction or upon receiving an application filed by any custodian, which calls for inspecting whether the right to claim investments by the directors, etc. or the right to claim compensation for damage based on the responsibility of directors exists and their contents.

(2) When a custodian becomes aware of the fact that the right of claim referred to in the provisions of paragraph (1) exists, he/she shall file an application with the court for the judgment referred to in the provisions of paragraph (1).

(3) When a custodian files the application referred to in the provisions of paragraph (1), he/she shall substantiate the factual grounds for such application.

(4) When the court commences the inspection and confirmation procedures by its inherent jurisdiction, it shall decide on the purposes thereof.

(5) When the application referred to in the provisions of paragraph (1) is filed and a decision is made to commence the inspection and confirmation procedures referred to in the provisions of paragraph (4), the stay of prescription shall give rise to the presumption that a claim has been filed for a judgment.

(6) Any judgment that dismisses a judgment on the inspection confirmation referred to in the provisions of paragraph (1) and an application for confirming the inspection shall be granted by a decision accompanying the reasons thereof.

(7) When the court makes the decision referred to in the provisions of paragraph (6), it shall examine interested persons in advance.

(8)The inspection confirmation procedures (excluding any inspection confirmation procedures after a decision is made on the inspection confirmation) shall be completed when the rehabilitation procedures concluded.

(9) When a decision is made on the inspection confirmation, a written decision shall be delivered to each of the parties.

## Article 116 (Lawsuit Filed to Raise Objection)

(1)Anyone who is dissatisfied with a judgment on the inspection confirmation provided for in the provisions of Article 115 (1) may file a lawsuit against such judgement within one month from the date on which the judgment is delivered to him/her.

(2) The period referred to in the provisions of paragraph (1) shall be invariable.

(3) When persons who file the lawsuit referred to in the provisions of paragraph (1) are directors, etc., the custodians shall be adjoined as defendants and when custodians file the lawsuit, the directors shall be adjoined as defendants, respectively.

(4) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court. Arguments may be put forward only after one month lapses from the date on which a decision is delivered on such lawsuit.

(5) When multiple lawsuits are pending simultaneously, the court shall combine arguments.

(6)A judgment on the lawsuit referred to in the provisions of paragraph (1) shall authorize, alter or rescind the decision of paragraph (1): *Provided*, That the same shall not apply to a case where the lawsuit is declined on the grounds of unlawfulness.

(7) The judgment that authorizes or alters a decision on the inspection confirmation shall have the same effect as the effect of the confirmation judgment that orders execution with respect to compulsory execution.

## Article 117 (Effect of Final Inspection Judgment)

When the lawsuit provided for in the provisions of Article 116 (1) is not filed within the period

provided for in the provisions of the same paragraph, is withdrawn or is declined, the judgment on the inspection confirmation shall have the same effect as the effect of the confirmation judgment that orders the execution.

## CHAPTER IV REHABILITATION CREDITORS, REHABILITATION SECURED CREDITORS, SHAREHOLDERS AND EQUITY RIGHT HOLDERS

### SECTION 1 Rights of Rehabilitation Creditors, Rehabilitation Secured Creditors, Shareholders and Equity Right Holders

**Article 118 (Rehabilitation Claims)**

Claims falling under any of the following subparagraphs shall be made rehabilitation claims:

1. Asset claims based on grounds that arise before rehabilitation procedures commence for the debtor;
2. Interest that accrues after rehabilitation procedures commence;
3. Compensatory damages and penalties incurred by non-performance after rehabilitation procedures commence; and
4. Costs incurred from participating in rehabilitation procedures.

**Article 119 (Options when Both Parties Fail to Fulfill Bilateral Contract)**

(1) When the debtor and another party have yet to complete performance of their bilateral contract at the time rehabilitation procedures commence, any custodian may cancel or terminate such bilateral contract and request the debtor to meet his/her obligations and require the other party to fulfill his/her obligations: *Provided*, That the custodian shall not cancel or terminate the bilateral contract after the meeting of persons concerned held to deliberate on a draft rehabilitation plan or a decision is made to place the case in a written resolution of the meeting of persons concerned pursuant to the provisions of Article 240.

(2) In the case of paragraph (1), the other party may compel the custodian to cancel or terminate the bilateral contract or to definitive answer whether the latter intends to implement the bilateral contract. In this case, when the custodian fails to provide a definitive answer within 30 days from the date on which he/she is so compelled, the custodian shall be deemed to have relinquished right of the cancellation and the right of termination right referred to in the provisions of paragraph (1).

(3) The court may extend or shorten the period referred to in the provisions of paragraph (2) by its inherent jurisdiction or upon receiving an application filed by the custodian or the other party.

(4) The provisions of paragraphs (1) through (3) shall not apply to any collective agreement.

**Article 120 (Special Rules Governing Payment and Settlement System, etc.)**

(1) Where rehabilitation procedures commence for any participant in the payment and settlement system that is designated by the Governor of the Bank of Korea after consulting with regard thereto with the Minister of Finance and Economy in order to ensure the completedness of the payment and settlement system (hereafter in this paragraph refers to the "payment and settlement system"), the effects of transfer instructions or payment, execution thereof, settlement, deductions, deposit funds, the furnishing of security, disposition, appropriation and settlement involving the participant shall accrue under the conditions as prescribed by the person who operates the payment and settlement system, notwithstanding the provisions of this Act and they shall not be subject to cancelation, termination, revocation or setting aside. Specific matters concerning the payment and settlement system shall be prescribed by the Presidential Decree.

(2) Where the rehabilitation procedures commence for any participant in the liquidation and settlement system that is operated by any person in charge of the liquidation and settlement of securities and derivative financial transactions provided for in the Securities and Exchange Act and the Futures Trading Act, and persons who are prescribed by the Presidential Decree, the effects of the assumption of obligations, adjustment, deduction, deposit money, the furnishing of security, disposition, appropriation and settlement involving the participant shall occur under the conditions as prescribed by the person who operates the liquidation and settlement system,

notwithstanding the provisions of this Act and they shall not be subject to such cancelation, termination, revocation and negation.

(3) Where the rehabilitation procedures commence for either of the parties who effects the transactions (each hereafter in this paragraph referred to as a "qualified financial transaction") falling under each of the following subparagraphs based on a single contract (hereafter in this paragraph referred to as a "base contract") that prescribes fundamental matters concerning certain financial transactions, the effects of the termination and the settlement of the qualified financial transaction shall accrue under the conditions as prescribed by the parties in their base contract, notwithstanding the provisions of this Act and they shall not be subject to the cancellation, termination, revocation and negation, and transaction referred to in subparagraph 4, and shall not be subject to the suspension order and the general prohibition order: *Provided*, That the same shall not apply to a case where the debtor and the other party conspire to effect any financial transaction with the aim of prejudicing any rehabilitation creditor or any rehabilitation secured creditor:

    1. Derivative financial transactions in forward deliveries, options, swaps, etc. that are prescribed by the Presidential Decree and are performed on the prices and the interest rates of currencies, securities, equity shares, general goods, credit risk, energy, weather conditions, freights, frequencies and environment, or the index numbers and the indicators based thereon;

    2. Exchange transactions in goods, repurchase transactions in securities, financial transactions in securities and transactions in security calls;

    3. The combined transactions referred to in subparagraphs 1 through 2; and

    4. The furnishing, the disposition and the appropriation of security that are all involved in transactions referred to in subparagraphs 1 through 3.

### Article 121 (Cancellation and Termination of Bilateral Contracts Unfulfilled by Both Parties)

(1) When any contract is canceled or terminated pursuant to the provisions of Article 119, the other party may exercise his/her right as a rehabilitation creditor on the compensation for damage.

(2) Where any contract is cancelled or terminated pursuant to the provisions of paragraph (1), when any benefit in return that is paid to the debtor exists among the debtor's assets, the other party may claim the refund of such benefit in return and where such benefit in return doesn't exist among debtor's assets, the other party may exercise his/her right as a public-interest creditor to claim the refund of the value thereof.

### Article 122 (Bilateral Contract Aimed at Continued Payments)

(1) The other party of a bilateral contract that requires the debtor to perform continued provision cannot not refuse to perform his/her obligations on the grounds that the debtor fails to repay any rehabilitation claim or any rehabilitation security right that accrues from the provision before an application is filed for commencing the rehabilitation procedures after such application is filed for commencing the rehabilitation procedures.

(2) The provisions of paragraph (1) shall not apply to any collective agreement.

### Article 123 (Takeover of Bills of Exchange, etc. After Commencement)

(1) Where rehabilitation procedures commence for a debtor who is an issuer of bills of exchange or an endorser, when any payer or any interim payer performs the takeover or the payment thereof without knowledge of such fact, the payer or the interim payer may exercise his/her right on a claim that accrues therefrom as a rehabilitation creditor.

(2) The provisions of paragraph (1) shall apply *mutatis mutandis* to securities that are primarily used to pay for checks, money, goods or securities.

(3) The provisions of Article 68 shall apply *mutatis mutandis* to the application of paragraphs (1) and (2).

### Article 124 (Rental Contracts, etc)

(1) When rehabilitation procedures commence for a debtor who is a renter, a disposition taken to make the prepayment of rent or to claim rent shall not claim its effect in relation to the rehabilitation procedures, with the exception of rent for the current term and the following term at the time that such rehabilitation procedures commence.

(2) Anyone who suffers damage on the grounds of his/her failure to claim its effect in relation to such rehabilitation procedures may exercise his/ her right to claim compensation for such damage in the capacity of a rehabilitation creditor.

(3) The provisions of paragraphs (1) and (2) shall apply *mutatis mutandis* to surface rights.

(4) Where rehabilitation procedures commence for a debtor who is a landlord, when the tenant falls under any of the following subparagraphs, the provisions of Article 119 shall not apply to the latter:

1. When he/she meets the requirements for opposition provided for in the provisions of Article 3 (1) of the Housing Lease Protection Act; and
2. When he/she meets the requirements for opposition provided for in the provisions of Article 3 of the Commercial Building Lease Protection Act.

### Article 125 (Mutual Accounts)

(1) A mutual account shall be closed, when the rehabilitation procedures commence for either of the parties thereto. In this case, either party may close the account and claim the payment of any balance.

(2) A claim that is held by the other party of the debtor under the provisions of paragraph (1) shall be made a rehabilitation claim.

### Article 126 (Debtor Liable to Entirely Fulfill Obligations Jointly with Other Persons)

(1) In case where multiple persons are liable to entirely fulfill each individual obligation, when the rehabilitation procedures commence for the whole or part of such persons, the creditors may exercise their rights on the total amount of the claims they hold at the time that such rehabilitation procedures commence as rehabilitation creditors in each rehabilitation procedure.

(2) In the case of paragraph (1), even when persons who are liable to entirely fulfill each individual obligation complete repayment and extinguish their obligations to any creditor (hereafter in this Article referred to as "repayment, etc.")after the rehabilitation procedures commence, such creditors may exercise their rights on the total amount of the claims they hold at the time that the rehabilitation procedures commence, save when the total amount of the claims are extinguished.

(3) In the case of paragraph (1), anyone who holds the right to claim reimbursement from the debtor, which is possibly expected to be exercised in the future, may participate in the rehabilitation procedures for the total amount of his/her claim for reimbursements: *Provided,* That the same shall not apply to a case where any creditor participates in the rehabilitation procedures for the total amount of the claim that he/she holds at the time that the rehabilitation procedures commence.

(4) Where any creditor participates in rehabilitation procedures pursuant to the provisions of paragraph (1) and anyone who holds the claim for reimbursement, who is possibly expected to exercise his/her right to claim such reimbursement from the debtor in future and the total amount of his/her claim is extinguished on the grounds of repayment, etc. to the creditor after the rehabilitation procedures commence, the creditor may exercise the right that he/she holds within the scope of his/her right to claim reimbursements.

(5) The provisions of paragraphs (2) through (4) shall apply *mutatis mutandis* to a case where any third person who provides security for the debtor's obligations pays back such obligations to the creditors and holds the right to claim reimbursements, which he/she is expected to exercise on the obligations in the future.

### Article 127 (Obligations for Guarantee Borne By Debtor)

When rehabilitation procedures commence for a debtor who is a guarantor, any creditor may exercise his/her right over the total amount of the claim that he/she holds at the time that such rehabilitation procedures commence as a rehabilitation creditor.

### Article 128 (Participation in Rehabilitation Procedures for Persons Who Hold Unlimited Liabilities for Corporation's Obligations Where Rehabilitation Procedures Commence)

Where it is decided to commence rehabilitation procedures for persons who hold unlimited liabilities for a corporation's obligations, the creditors of the relevant corporation may participate in the rehabilitation procedures for the total amount of claims that they hold at the time that the rehabilitation procedures commence.

### Article 129 (Participation in Rehabilitation Procedures by Persons Who Hold Limited Liabilities for Corporation's Obligations Where Rehabilitation Procedures Commence)

(1) Where it is decided to commence rehabilitation procedures for employees who hold limited liabilities for a corporation's obligations, the creditors of the corporation shall be prohibited from participating in such rehabilitation procedures.

(2) In case where it is decided to commence the rehabilitation procedures for any corporation, the creditors of such corporation shall be prohibited from exercising their rights on employees who hold limited liabilities for the corporation's obligations.

### Article 130 (In the Case of Partial Guarantee)

Where multiple guarantors each bear part of the obligations, the provisions of Articles 126 and 127 shall apply *mutatis mutandis* to the part of the obligations they bear.

### Article 131 (Prohibition on Repayment of Rehabilitation Claims)

The act (excluding any exemption) of extinguishing rehabilitation claims by repaying them, receiving the repayment thereof, etc. without following the provisions of the rehabilitation plan shall not be performed after the rehabilitation procedures have commenced, save when the provisions of this Act especially prescribe otherwise: *Provided*, That the same shall not apply to a case where any custodian makes repayment after obtaining permission therefor from the court, and to a case that falls under the claim provided for in the provisons of Article 140 (2) and falls under any of the following subparagraphs:

1. Where a disposition for the recovery of arrears is taken, the disposal of any collateral property is performed or continuation thereof is permitted; and

2. Where a third party debtor arbitrarily transfers the debtor's claims (including claims that are affected by the effect of seizure) that are seized according to a disposition for the recovery of arrears to the person who holds the authority to make collections in the period during which the disposition for the recovery of arrears is suspended.

### Article 132 (Permission to Repay Rehabilitation Claims)

(1) When a smalland medium-sized businessman who is a transaction partner of the debtor is feared to face hardship in the continuation of his/her business unless he/she receives the repayment of a small-sum claim that he/she holds, the court may grant permission to pay back the whole or part of such small-sum claim to him/her upon receiving an application filed by any custodian, any preservative custodian or the debtor even before it decides to authorize a confirmation of the rehabilitation plan.

(2) When it is recognized that the debtor's rehabilitation is feared to face considerable hardship unless the rehabilitation claims are repaid, the court may permit the payment of the whole or part of such rehabilitation claims upon receiving an application filed by any custodian, any preservative custodian or the debtor even before it is decided to authorize a confirmation of the rehabilitation plan.

(3) When the court intends to grant the permission referred to in the provisions of paragraphs (1) and (2), it shall hear the opinions of the Custodial Committee and the creditors' consultative council and take into account all circumstances including current transactions between the debtor and the creditors, the debtor's current assets and the interests, etc. of interested persons.

### Article 133 (Rights of Rehabilitation Creditors)

(1) Every rehabilitation creditor may participate in rehabilitation procedures based on the claim that he/she holds.

(2) Every rehabilitation creditor shall hold a voting right on the claim provided for in the provisions of Articles 134 through 138 according to the amount that is calculated on the basis of those provisions and on other claims according to the amount of such other claims.

### Article 134 (Interest-Free Claim with Time Limit)

An interest-free claim, the deadline of which arrives after rehabilitation procedures commence shall be the amount obtained by deducting the interest from the amount of the claim after the total amount of the interest, based on the statutory interest and the principal are calculated to be the amount of the claim at the time that the deadline arrives during the period ranging from the time the rehabilitation procedures commence to the deadline.

### Article 135 (Claim For Money Payable by Periodic Installments)

The provisions of Article 134 shall apply *mutatis mutandis* to any claim for money payable by periodic installments, the amount and the period of which are not confirmed.

### Article 136 (Interest-Free Claims of Indefinite Time Limit, etc.)

Interest-free claims, the time limits of which are indefinite shall be the amount that is appraised at the time that rehabilitation procedures commence. The same shall apply to a case where the amount of the claim for money payable by periodic installment or the period, for which are indefinite.

### Article 137 (Non-Monetary Claims, etc.)

When the purpose of any claim is not monetary, the amount of any claim is indefinite and any claim is set in foreign currency, such claim shall be the amount appraised as at the time that rehabilitation procedures commence.

### Article 138 (Conditional Claims and Future Claims)

(1) Conditional claims shall be the amount appraised as at the time rehabilitation procedures commence.

(2) The provisions of paragraph (1) shall apply *mutatis mutandis* to future claims that can be exercised to the debtor.

### Article 139 (Calculation of Period of Priority Right)

When any priority rights are held on the amount of claim within a certain period, such certain period shall be calculated retroactively from the time rehabilitation procedures commence.

### Article 140 (Reduction of and Exemption from Fines and Taxes, etc.)

(1) Details affecting the reduction and the exemption and the right to charge any fine, any fine for negligence, any criminal proceedings costs, any additional levy and any claim for the fine for negligence, shall not be prescribed in the rehabilitation plan.

(2) When details concerning claims, whose collection is deferred for not more than 3 years (including claims that are collectible according to the example of a disposition taken to collect national taxes, and their collection priority order takes precedence over general rehabilitation claims), which are collectable under the National Tax Collection Act or the Local Tax Act and the deferment liquidating assets according to a disposition for the recovery of arrears are prescribed in the rehabilitation plan, the opinions of persons who are authorized to collect taxes shall be heard.

(3) When details concerning the deferment of the collection of the claims referred to in the provisions of paragraph (2) for the period of not less than 3 years, details concerning the deferment of liquidating assets according to a disposition for the recovery of arrears, or details affecting the succession of obligations, the reduction and the exemption of taxes and other rights are prescribed in the rehabilitation plan, agreement shall be obtained from the persons who hold the authority to collect such claims.

(4) The persons who hold the authority to collect the claims referred to in the provisions of paragraph (2) may provide the agreement referred to in the provisions of paragraph (3).

(5) The prescription shall not proceed during the period in which the collection is deferred pursuant to the provisions of paragraphs (2) and (3) and the liquidation of assets is deferred on the grounds of the disposition for the recovery of arrears.

### Article 141 (Rights of Rehabilitation Secured Creditors)

(1) Rehabilitation claims or claims on assets of persons other than the debtor, both of which accrue from causes before the rehabilitation procedures commence and are secured by any lien, any pledge, any mortgage, any right to collateral, any right of provisional registered security, any rental right or any preferential privilege shall be made a rehabilitation security right: *Provided,* That any interest or compensation for damage and any claim for penalties that are caused by the failure to fulfill obligations shall be limited to compensation for damage and claims for the penalties caused prior to the date on which a decision is made to commence rehabilitation procedures.

(2) The provisions of Articles 126 through 131, and 139 shall apply *mutatis mutandis* to rehabilitation security rights.

(3) Any rehabilitation secured creditor may participate in the rehabilitation procedures based on his/her interest in rehabilitation security rights.

(4)Any rehabilitation secured creditor may participate in the rehabilitation procedures as a rehabilitation creditor on the portion in excess of the value (when any priority security right exists, this refers to the amount obtained by deducting the amount of the claim secured as such priority security right from the value that is the object of the security right; hereafter in this Article the same shall apply) that is the object of the security right among his/her claimed amount.

(5)Each rehabilitation secured creditor shall hold voting rights in proportion to the value of the security right's purpose: *Provided*, That when the amount of a secured claim is less than the value of the security right's purpose, each rehabilitation secured creditor shall hold voting rights in proportion to the amount of the secured claim.

(6) The provisions of Articles 133 (2), and 134 through 138 shall apply *mutatis mutandis* to the voting rights of every rehabilitation secured creditor.

## Article 142 (Proxy Commissioners)

(1) Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders may individually or jointly select and appoint one or multiple proxies commissioners.

(2) The authority of every proxy shall be attested to in writing.

(3) Proxies may perform every act in rehabilitation procedures for rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who select and appoint them.

(4) Where there are several proxies, they shall exercise their authority jointly. However wishes as expressed by any third person may be performed by anyone of them.

(5) When any proxy exercises his/her authority in a manner that is deemed grossly unfair, the court may revoke the permission referred to in the provisions of paragraph (1).

(6) Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder shall, when they dismiss any proxy, report without delay such fact to the court.

## Article 143 (Trustee Companies)

(1) Every trustee company provided for in the provisions of the Security Debentures Trust Act may perform all acts involving the report of rehabilitation claims or rehabilitation security rights, the exercise of its voting right and other rehabilitation procedures for all of the debenture holders according to a resolution passed at a meeting of the debenture holders.

(2)When any trustee company performs the acts referred to in the provisions of paragraph (1) for all of the debenture holders, it need not indicate each of such debenture holders.

## Article 144 (Right of Setoff)

(1)Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor at the time that rehabilitation procedures commence, when both of the claims and the obligations can be offset against each other prior to the expiration of the reporting period, the relevant rehabilitation creditor or the relevant rehabilitation secured creditor may perform such setoff without resorting to the rehabilitation procedures only within such reporting period. The same shall apply to a case where the obligations are time-fixed.

(2) The rent and the obligation of the current term and the following term after the rehabilitation procedures of any rehabilitation creditor and any rehabilitation secured creditor commence may be offset against each other pursuant to the provisions of paragraph (1): *Provided*, That when there is any security deposit, any rent and any obligation may be offset against each other thereafter.

(3) The provisions of paragraph (2) shall apply *mutatis mutandis* to land rents.

## Article 145 (Prohibition on Setoff)

In cases falling under any of the following subparagraphs, the setoff shall be prohibited from being performed:

1. Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor after the rehabilitation procedures commence;

2. Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor with knowledge of the fact that an application is filed for commencing rehabilitation procedures or a petition of bankruptcy is filed: *Provided*, That the same shall not apply to the

instances falling under any of the following items:

(a) When such obligations are borne on grounds prescribed by Acts;

(b) When such obligations that are borne on grounds that accrue before any rehabilitation creditor or any rehabilitation secured creditor becomes aware of the fact that the payment is suspended, an application is filed for commencement of rehabilitation procedures or a petition of bankruptcy is filed; and

(c) When such obligations are borne on grounds that arise not more than one year prior to the earliest of the time when rehabilitation procedures commence, and the time when bankruptcy is declared;

3. When debtors of the debtor, for whom rehabilitation procedures commence acquires any rehabilitation claim or any rehabilitation security right that is held by any other person after such rehabilitation procedures commence; and

4. When debtors of the debtor, for whom rehabilitation procedures commence acquires any rehabilitation claim or any rehabilitation security right with knowledge of the fact that payment is suspended or a petition of bankruptcy is filed: *Provided*, That the same shall not apply to the time when such act falls under any item in subparagraph 2.

**Article 146 (Rights of Shareholders and Equity Right Holders)**

(1) Every shareholder and every equity right holder may participate in rehabilitation procedures with the shares and the equity shares that he/ she holds.

(2) Every shareholder and every equity right holder shall hold voting rights in proportion to the number or amount of shares or equity shares he/she holds.

(3) When the debtor's total obligations exceed his/her total assets at the time that rehabilitation procedures commence, shareholders and equity
right holders shall not have any voting rights: *Provided*, That the same shall not apply to a case where the total amount of the debtor's assets is in excess of the total amount of his/her obligations at the time that a draft plan for changing the rehabilitation plan provided for in the provisions of Article 282 is submitted.

(4) When the debtor's total obligations exceed his/her total assets at the time that a draft plan for amending the rehabilitation plan is submitted pursuant to the provisions of Article 282, shareholders and equity right holders shall not have any voting rights on such draft plan for amending the rehabilitation plan.

## SECTION 2 Preparation of List of Rehabilitation Creditors, Rehabilitation Secured Creditors, Shareholders and Equity Right Holders and Reporting

**Article 147 (List of Rehabilitation Creditors, Rehabilitation Secured Creditors, Shareholders and Equity Right Holders)**

(1) Every custodian shall prepare a list of rehabilitation creditors, the list of rehabilitation secured creditors, and the list of shareholders and equity right holders (hereinafter referred to as the "lists" in this Part) and submit them within the period provided for in the provisions of Article 50 (1) 2.

(2) The matters falling under each of the following subparagraphs shall be noted in the lists:

1. List of rehabilitation creditors:

(a) The names and domiciles of rehabilitation creditors;

(b) The details of and grounds for such rehabilitation claims;

(c) The amount of voting rights; and

(d) When there are claims that have general priority rights, the gist thereof;

2. List of rehabilitation secured creditors:

(a) The names and domiciles of rehabilitation secured creditors;

(b) The details of, and grounds for such rehabilitation security rights, the purposes for the security rights, their values and when anyone other than the debtor for whom the rehabilitation procedures commence is a debtor, his/her name and domicile; and

(c) The amount of voting rights; and

3. List of shareholders and equity right holders:

(a) The names and domiciles of shareholders and equity right holders; and

(b) The kinds and the number of shares or equity shares.

(3) The court shall make it possible for interested persons to inspect the lists during the reporting period.

(4) Any custodian may alter or correct the matters noted on the lists after obtaining permission therefor from the court under the conditions prescribed by the rules of the Supreme Court by the last day of the reporting period.

### Article 148 (Report on Rehabilitation Claims)

(1) Any rehabilitation creditor who intends to participate in the rehabilitation procedures shall report the matters falling under each of the following subparagraphs to the court and submit evidential documents thereof, or certified copies or abridged copies of such evidential documents to the court within the reporting period:

1. His/her name and domicile;
2. The details and grounds for his/her rehabilitation claim;
3. The amount of his/her voting rights; and
4. When his/her claim holds a general priority right, the gist thereof.

(2) Any rehabilitation creditor shall report separately the portion of the general priority right among his/her rehabilitation claims.

(3) When any lawsuit is pending at the time that the rehabilitation procedures commence for rehabilitation claims, the relevant rehabilitation creditor shall report the court, parties, the case name and the case number, other than the matters that are prescribed in the provisions of paragraphs (1) and (2).

### Article 149 (Report on Rehabilitation Security Rights)

(1) Any rehabilitation secured creditor who intends to participate in rehabilitation procedures shall report the matters falling under each of the following subparagraphs to the court and submit evidential documents thereof, or certified copies or abridged copies of such documents to the court within the report period:

1. His/her name and domicile;
2. The details of, and grounds for his/her rehabilitation security right;
3. The purpose for and value of his/her rehabilitation security right;
4. The amount of his/her voting rights; and
5. When anyone is a debtor, other than the debtor for whom the rehabilitation procedures commence, the former's name and domicile.

(2) The provisions of Article 148 (3) shall apply *mutatis mutandis* to cases under paragraph (1).

### Article 150 (Report on Shares and Equity Shares)

(1) Any shareholder or any equity right holder who intends to participate in rehabilitation procedures shall report the matters falling under each of the following subparagraphs to the court and submit his/her share certificate or his/her equity share certificate and evidential documents or certified copies or abridged copies thereof to the court:

1. His/her name and domicile; and
2. The kinds, the number or the amount of his/her shares or his/her equity shares.

(2) The court may order the list of shareholders to be closed to the public for a fixed period. In this case, the fixed period shall not exceed 2 months.

(3) The provisions of Article 148 (3) shall apply *mutatis mutandis* to cases under paragraph (1).

### Article 151 (Legal Fiction of Reporting)

Rehabilitation claims, rehabilitation security rights, shares or equity shares that are noted on the list shall be deemed to have been reported pursuant to the provisions of Articles 148 through 150.

### Article 152 (Post-Reporting Supplementations)

(1) When any rehabilitation creditor or any rehabilitation secured creditor fails to make the report within the reporting period on grounds for which he/she has no responsibility, he/she may supplement such report within one month after such grounds cease to be relevant.

(2) The period referred to in the provisions of paragraph (1) shall be an invariable period.

(3) The report referred to in the provisions of paragraph (1) shall not be made in instances falling

under either of the following subparagraphs:

1. After a meeting of persons concerned that is held to examine a draft rehabilitation plan comes to a close; or
2. After a decision is made to refer a draft rehabilitation plan to a written resolution provided for in the provisions of Article 240.

(4) The provisions of paragraphs (1) through (3) shall apply *mutatis mutandis* to cases where any rehabilitation creditor or any rehabilitation secured creditor alters reported matters so as to cease loses of profits to any other rehabilitation creditor or any other rehabilitation secured creditor on the grounds for which the rehabilitation creditor or the rehabilitation secured creditor has no responsibility.

### Article 153 (Report on Rehabilitation Claims, etc. after Lapse of Reporting Period)

(1) With respect to any rehabilitation claim and any rehabilitation security right that accrue after the lapse of the reporting period, a report thereon shall be made within one month from the date on which such claim and such right accrue.

(2) The provisions of Article 152 (2) through (4) shall apply *mutatis mutandis* to the report referred to in the provisions of paragraph (1).

### Article 154 (Change of Names)

(1) Anyone who has acquired any rehabilitation claim or any rehabilitation security right that is entered in the list or is reported may change his/her reported name even after the lapse of the reporting period.

(2) Anyone who intends to change his/her name pursuant to the provisions of paragraph (1) shall report the matters falling under both of the following subparagraphs to the court or submit an evidential document or a certified copy or an abridged copy thereof to the court:

1. The name and domicile; and
2. The right that he/she acquires, the date on which he/she acquires it and the cause for acquiring it.

### Article 155 (Additional Report on Shares and Equity Shares)

(1) When it is deemed appropriate, the court may reset a reporting period after the lapse of a reporting period in order to allow for additional reports on shares or equity shares. In this case, the court shall publish the gist thereof and then deliver a written statement in which such gist is entered to the person falling under each of the following subparagraphs:

1. The custodian;
2. The debtor; and
3. Any person who fails to make a report as a shareholder or an equity right holder with the knowledge of such report.

(2) The provisions of Articles 162 through 165 shall apply *mutatis mutandis* to cases under paragraph (1).

### Article 156 (Report on Fines and Taxes, etc.)

(1) Anyone who holds claims provided for in the provisions of Article 140 (1) and (2) shall promptly report to the court the amount of such claims, the cause for his/her holding such claim and the details of his/her security rights.

(2) The provisions of Article 167 (1) shall apply *mutatis mutandis* to claims reported pursuant to the provisions of paragraph (1).

### Article 157 (Dissatisfaction with Fine, etc. Prior to Commencement of Rehabilitation Procedures)

(1) When the cause of any claim that is reported pursuant to the provisions of paragraph (1) is a disposition for which an administrative trial, a lawsuit or an appeal is permitted, any custodian may file an application for appeal in a manner that the debtor is entitled to with regard to his/her claim.

(2) The provisions of Articles 172, 175 and 176 (1) shall apply *mutatis mutandis* to the application for appeal.

## SECTION 3 Inspection and Confirmation of Rehabilitation Claims

and Rehabilitation Security Rights, etc.

### Article 158 (Table of Rehabilitation Creditors, Rehabilitation Secured Creditors and Shareholders and Equity Right Holders)

The clerk, etc. of the court shall prepare a table of rehabilitation creditors, a table of rehabilitation secured creditors and a table of shareholders and equity right holders based on rehabilitation claims, rehabilitation security rights, shares or equity shares that are recorded on the list or reported, categorize them according to the nature of their rights and then the matters falling under each of the following subparagraphs in such tables:

1. Table of rehabilitation creditors:
   (a) The names and domiciles of rehabilitation creditors;
   (b) The contents and grounds for rehabilitations claims;
   (c) The amount of voting rights; and
   (d) When claims have general priority rights, the gist thereof;
2. Table of rehabilitation secured creditor:
   (a) The names and domiciles of rehabilitation secured creditors;
   (b) The details of, and grounds for rehabilitation security rights, the reasons for and values of the security rights, and when any person who is a debtor other, than the debtor, his/her name and domicile; and
   (c) The amount of voting rights; and
3. Table of shareholders and equity right holders:
   (a)The names and domiciles of shareholders and equity right holders; and
   (b)The kinds, the number or amount of shares or equity shares.

### Article 159 (Delivery of Certified Copies)

The clerk, etc. of the court shall deliver to custodians the certified copies of the table of rehabilitation creditors, the table of rehabilitation secured creditors and the table of shareholders and equity right holders.

### Article 160 (Perusal of Documents During Inspection Period)

The documents falling under each of the following subparagraphs shall be held in the court for inspection by interested persons during the inspection period:

1. The catalog;
2. Documents concerning reports and objections; and
3. The table of rehabilitation creditors, the table of rehabilitation secured creditors, and the table of shareholders and equity right holders.

### Article 161 (Objections, etc. Raised to Rehabilitation Claims and Rehabilitation Security Rights)

(1) Anyone falling under any of the following subparagraphs may raise a written objection to the court with respect to any rehabilitation claim and any rehabilitation security right entered in the list or reported within the inspection period:

1. The custodian;
2. The debtor; and
3. Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are all entered in the list or are reported.

(2) When has been decided to alter the inspection period, the court shall deliver a written decision to each of the persons referred to in the provisions of paragraph (1).

(3) The delivery referred to in the provisions of paragraph (2) may be made in the same manner that any document is mailed.

### Article 162 (Inspection of Rehabilitation Claims and Rehabilitation Security Rights Reported after Reporting Period)

The court shall set a special date (hereinafter referred to as the "special inspection date") for inspecting any rehabilitation claim and any rehabilitation security right that are all reported pursuant to the provisions of Articles 152 (1) and 153 (1). In this case, expenses incurred to conduct such inspection shall be borne by the relevant rehabilitation creditor or the relevant rehabilitation secured creditor.

### Article 163 (Delivering Notification of Special Inspection Date)

When the court decides to set the special inspection date, it shall deliver a written decision to the persons falling under each of the following subparagraphs:

1. The custodian;
2. The debtor; and
3. The rehabilitation creditor, the rehabilitation secured creditor, the shareholder and the equity right holder who are all recorded on the list or are reported.

### Article 164 (Presence of Persons Concerned)

(1) The representative of an individual debtor or the representative of the non-individual debtor shall be present on the special inspection date to state his/her opinion: *Provided*, That he/she may cause his/her agent to be present on the special inspection date when justifiable grounds therefor exist.

(2) Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder, any equity right holder or his/her agent may be present on the special inspection date to raise objections to any other rehabilitation claim or any other rehabilitation security right.

(3) The agent referred to in the provisions of paragraphs (1) and (2) shall submit a written statement attesting to the authority for his/her agency.

### Article 165 (Presence of Custodians)

The inspection of any rehabilitation claim and any rehabilitation security right shall not be conducted without the presence of the relevant custodian on the special inspection date.

### Article 166 (Confirmation of Rehabilitation Claims and Rehabilitation Security Rights, etc.)

When no objection is raised by any custodian, any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder during the inspection period or on the special inspection date, the features of the rights and the amount of the voting rights falling under both of the following subparagraphs shall be confirmed, and with respect to any claim with the priority rights, its priority right shall be confirmed:

1. Rehabilitation claims and rehabilitation security rights that are reported; and
2. When any rehabilitation claim or any rehabilitation security right that is reported is nonexistent, the rehabilitation claim or the rehabilitation security right that is recorded on the list submitted by any custodian.

### Article 167 (Recording on Table of Rehabilitation Creditors and Table of Rehabilitation Secured Creditors)

(1) The clerk, etc. of the court shall record the results of the inspection of rehabilitation claims and rehabilitation security rights on the table of rehabilitation creditors and the table of rehabilitation secured creditors. The same shall apply to any objections raised by debtors.

(2) The clerk, etc. of the court shall record the gist of confirmation in the evidential documents of the rehabilitation claims and the rehabilitation security rights that are confirmed and affix the court seal to each of them.

(3) The clerk, etc. of the court shall, upon receiving a claim filed by any rehabilitation creditor or any rehabilitation secured creditor, deliver to him/her an abridged copy of the table of rehabilitation creditors or the table of rehabilitation secured creditors on their rights.

### Article 168 (Effect of Entries)

When any rehabilitation claim and any rehabilitation security right that are confirmed are recorded in the table of rehabilitation creditors and the table of rehabilitation secured creditors, such entries shall have the same effect as the effect of a final judgment on all of them recorded on the tables.

### Article 169 (Notification of Objection)

When an objection to any rehabilitation claim or any rehabilitation security right is raised, the court shall notify the rightful claimants of such objection.

### Article 170 (Final Judgement on Inspection of Rehabilitation Claims and Rehabilitation Security Rights)

(1) When any custodian, any rehabilitation creditor, any rehabilitation secured creditor, any shareholder or any equity right holder raises an objection to any rehabilitation claim and any rehabilitation security right that are recorded on the list or reported, the rightful claimant who

holds the rehabilitation claim or the rehabilitation security right (hereinafter referred to as an "objection to claims" in this Part) may file an application with the court for a final claim inspection judgment (hereinafter referred to in this Part as a "final claim inspection judgment ") for the confirmation of his/her claim and rights with all of the objectors as the other parties: *Provided*, That the same shall not apply to cases under Articles 172 and 174.

(2) The application referred to in the main sentence of paragraph (1) shall be filed within one month from the last day of the inspection period or from the special inspection date.

(3) The final claim inspection judgment shall determine whether claims to which any objection is raised exist and the contents of such objection.

(4) When the court gives the final claim inspection judgment, it shall examine objectors.

(5) The court shall deliver a written decision on the final claim inspection judgment to each of the parties.

### Article 171 (Appeal against Final Claim Inspection Judgment)

(1) Anyone who is dissatisfied with a final claim inspection judgment may file an appeal against such final claim inspection judgment within one month from the date on which he/she receives service of the written judgment thereon.

(2) The appeal referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court.

(3) When anyone who files the appeal referred to in the provisions of paragraph (1) is a rightful claimant who holds any claim to which the objection is raised, all of the objectors shall be adjoined as defendants and when he/she is an objector, the rehabilitation creditors or the rehabilitation secured creditors shall be adjoined as defendants.

(4)No arguments can be presented for the appeal referred to in the provisions of paragraph (1) until after the lapse of one month from the date on which the written decision is served.

(5) When multiple lawsuits are pending on the same claim to which an objection is raised, the court shall combine arguments therefor.

(6) With respect to the appeal referred to in the provisions of paragraph (1), unless the appeal is unlawful, the court shall grant the final claim inspection judgment or make a ruling to amend such final claim judgment inspection.

### Article 172 (Taking Assignment of Lawsuit on Objection to Claims)

(1) Where any lawsuit on claims to which an objection is raised is pending at the time that rehabilitation procedures commence, when any rehabilitation creditor or any rehabilitation secured creditor intends to have such claims confirmed, all of the objectors shall take over the litigation procedures as other parties of the lawsuit.

(2) The provisions of Articles 167 (3) and 170 (2) shall apply *mutatis mutandis* to any application that is filed for taking assignment of the litigation procedures.

### Article 173 (Restrictions on Assertions)

Rehabilitation creditors or rehabilitation secured creditors may only assert matters that are recorded in the table of rehabilitation creditors and the table of rehabilitation secured creditors, which are pertain to the grounds and details of claims to which objections are raised in the final claim inspection judgment, in the lawsuit that is filed an appeal to the final claim inspection judgment provided for in the provisions of Article 171 (1) and the litigation procedures assignment of which is taken pursuant to the provisions of Article 172 (1).

### Article 174 (Objections Raised to Claims, etc. with Title Having Executory Power)

(1) With respect to title with executory power or the final judgment among claims to which an objection is raised, an objector is asserting of objections thereto are limited to the litigation procedures that the debtor is permitted to take.

(2)Where a lawsuit on the rehabilitation claim or the rehabilitation security right referred to in the provisions of paragraph (1) is pending in the court at the time that rehabilitation procedures commence, when any objector intends to assert the objection provided for in the provisions of paragraph (1), the objector shall take assignment of the litigation procedures for the rehabilitation creditor or the rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right as the other party.

(3) The provisions of Article 170 (2) shall apply *mutatis mutandis* to the assertion of the

objections referred to in the provisions of paragraph (1) or the taking of assignment provided for in the provisions of paragraph (2), and the provisions of Articles 171 (4) and (5) and 173 shall apply *mutatis mutandis* to paragraphs (1) and (2). In this case, "one month after the date on which the written decision is served" in Article 171 (4) shall be deemed "the last day of the inspection period involving the claim to which an objection is raised or the invariable period of one month from the special inspection date."

(4) Where the assertion of the objection provided for in the provisions of paragraph (1) is not made or the taking of assignment provided for in the provisions of paragraph (2) is not effected within the period provided for in the provisions of Article 170 (2) that are applied *mutatis mutandis* under the provisions of paragraph (3), when the objector is the rehabilitation creditor or the rehabilitation secured creditor, the objection provided for in the provisions of Article 161 (1) or 164 (2) shall be deemed nonexistent and when the objector is the custodian, it shall be deemed that the custodian recognizes the rehabilitation claim or the rehabilitation security right.

### Article 175 (Record of Result of Lawsuit Concerning Confirmation of Rehabilitation Claims and Rehabilitation Security Rights)

Upon the clerk, etc. of the court receiving an application filed by any custodian, any rehabilitation creditor or any rehabilitation secured creditor, record the results of the lawsuit (when an appeal to the final claim inspection judgment is not filed or is declined within the period provided for in the provisions of Article 171 (1), this refers to the contents of the judgment) of the confirmation of the rehabilitation claim or the rehabilitation security right in the table of rehabilitation creditors and the table of rehabilitation secured creditors.

### Article 176 (Effect of Judgment, etc. in Lawsuit Filed for Confirmation of Rehabilitation Claims and Rehabilitation Security Rights)

(1) The judgment in the lawsuit filed for the confirmation of the rehabilitation claims and the rehabilitation security rights shall have effect on all of rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

(2) When no appeal against the final claim inspection judgment is filed within the period provided for in the provisions of Article 171 (1) or is declined, the judgment shall have the same effect as that of the final judgment on all of the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

### Article 177 (Reimbursement of Legal Costs)

When any profit accrues to the debtor's assets from the lawsuit (including the final claim inspection judgment) on confirmation of rehabilitation claims or rehabilitation security rights, any rehabilitation creditor, any rehabilitation secured creditors, any shareholder, any equity right holder may claim for reimbursement of the legal costs as public-interest creditors within the scope of such profit.

### Article 178 (Value of Subject Matter of Lawsuit Filed for Confirmation of Rehabilitation Claims or Rehabilitation Security Rights)

The value of the subject matter of a lawsuit filed for the confirmation of any rehabilitation claim or any rehabilitation security right shall be determined by the rehabilitation court taking into account the estimated amount of the profits to accrue from the rehabilitation plan.

## SECTION 4 Public-Interest Claims and Other Claims after Rehabilitation Procedures Commence

### Article 179 (Claims That Become Public-Interest Claims)

Claims falling under any of the following subparagraphs shall be made public-interest claims:˙ <Amended by Act No. 8138, Dec. 30, 2006>

1. Claims for expenses incurred in a judgment for the joint profits of any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder;
2. Claims for expenses incurred to perform the management of the debtor's business and assets and the disposal of his/her assets after the rehabilitation procedures commence;
3. Claims for expenses incurred to implement the rehabilitation plan: *Provided*, That any expenses that incurred after the completion of the rehabilitation procedures shall be

excluded;

4. Claims for any expenses, remuneration, compensation and special compensation provided for in the provisions of Articles 30 and 31;

5. Claims for funds borrowed by any custodian in order to manage the debtor's business and assets after the rehabilitation procedures commence and any claim that accrues from any other act;

6. Claims that accrue to the debtor from clerical work or unlawful gains after the rehabilitation procedures commence;

7. Claims held by other parties when any custodian fulfills obligations pursuant to the provisions of Article 119 (1);

8. Claims that accrue from the supply made by the other party of a bilateral contract that obliges the continued supply before the rehabilitation procedures commence after an application is filed for commencing them;

9. Tax that falls under any of the following items and the deadline for payment thereof has yet to arrive at the time that rehabilitation procedures commence:

   (a) Tax withheld at source: *Provided*, That the tax imposed on any bonus that is deemed reverted to the representative pursuant to the provisions of Article 67 of the Corporate Tax Act shall be limited to tax collected at source;

   (b) Value-added tax, special consumption tax, liquor tax, and traffic, energy and environment tax;

   (c) Education tax and special tax for agricultural and fishing villages, levied and collected according to the example of a disposition taken to impose and collect the main tax; and

   (d) Local tax collected and paid by the person liable for the special collection;

10. The wages, severance pay and disaster compensation of the debtor's workers;

11. The right to claim reimbursement of the bailment moneys and the money spent to guarantee the identities of the debtor's workers, which accrue from causes arising before rehabilitation procedures commence;

12. The borrowing of funds and procurement of materials that are performed by the debtor or any preservative custodian after obtaining permission therefor from the court after an application is filed for commencement of rehabilitation procedures and prior to the commencement of rehabilitation procedures and other claims that accrue from acts that are inevitable in continuing the debtor's business;

13. Expenses determined by the court as necessary for the creditors' consultative council to carry out its activities pursuant to the provisions of Article 21 (3); and

14. Other expenses to be incurred for debtors, other than those provided for in the provisions of subparagraphs 1 through 13.

## Article 180 (Repayment, etc. of Public-Interest Claims)

(1) Public-interest claims shall be reimbursed frequently without resorting to rehabilitation procedures.

(2) Public-interest claims shall take precedence over rehabilitation claims and rehabilitation security rights in the repayment thereof.

(3) In the instances falling under any of the following subparagraphs, the court may, upon receiving an application filed by any custodian or by its inherent jurisdiction, order the suspension or any cancellation of any compulsory execution performed against, or any provisional seizure of the debtor's assets based on public-interest claims, by requiring or not requiring security to be furnished:

1. When the compulsory execution or the provisional seizure significantly impedes rehabilitation and the debtor has other assets that can readily be liquidated; and

2. When it becomes clear that the total value of the debtor's assets is inadequate for the repayment of the total amount of the public-interest claims.

(4) The court may alter or rescind the suspension order referred to in the provisions of paragraph (3).

(5) An immediate appeal may be filed against the suspension or revocation order referred to in the provisions of paragraph (3) and the decision referred to in the provisions of paragraph (4).

(6) The immediate appeal referred to in the provisions of paragraph (5) shall not have the effect of suspending any execution.

(7) When it becomes clear that the value of debtor's assets is inadequate for the repayment of the total amount of the public-interest claim, the public-interest claim shall be repaid according to the ratio of the amount of claim that is not yet repaid, notwithstanding the priority right of the public-interest claims that are prescribed by Acts and subordinate statutes: *Provided*, That this shall not affect the effects of lien, pledge rights, mortgages and special priority rights for public-interest claims.

### Article 181 (Other Claims after Commencement)

(1) With respect to any property claim that accrues from causes arising after rehabilitation procedures commence, which is not a public-interest claim, a rehabilitation claim or a rehabilitation security right (hereinafter referred to as "other claims after the commencement"), the act of repaying such claim, taking the repayment of such claim or extinguishing such claim (excluding the act of excluding) shall be prohibited from being performed from the time when the rehabilitation procedures commence to the time when the repayment period has ended (referring to the time when the rehabilitation procedures are completed where the rehabilitation procedures are completed before it is decided to grant an authorization for the rehabilitation plan and the time when the repayment is completed where repayment based on the rehabilitation plan is completed before the period has expired).

(2) No application may be filed for any auction with the aim of compulsorily executing, provisionally seizing, provisionally disposing of the debtor's assets or exercising security rights against the debtor's assets based on other claims after the rehabilitation procedures commence during the period referred to in the provisions of paragraph (1).

## CHAPTER V MEETING OF PERSONS CONCERNED

### Article 182 (Notification of Date)

(1) The court shall notify persons falling under each of the following subparagraphs of the date on which the meeting of persons concerned is to be held:
1. Custodians;
2. Inspectors;
3. The debtor;
4. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are recorded on the list or are reported; and
5. When any person bears any obligation or furnishes any security for the rehabilitation, such person.

(2) Notwithstanding the provisions of paragraph (1), the court may not notify any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder who is prohibited from exercising his voting rights as of the date on which the meeting of persons concerned is held. In the case of the first meeting of persons concerned, the court may not notify any person who takes the delivery pursuant to the provisions of Article 51 (2) of the date on which the meeting of persons concerned is held.

### Article 183 (Notification of Date)

The court shall notify the administrative agency in charge of supervising the business of the debtor who is a stock company, the Minster of Justice and the Financial Supervisory Commission of the date on which the meeting of persons concerned is to be held.

### Article 184 (Presiding Over by Court)

The court shall preside over the meeting of persons concerned.

### Article 185 (Publication of Date and Purposes)

(1) The court shall publish the date on which the meeting of persons concerned is to be held and the agenda of such meeting.

(2) When a declaration is made on the postponement or the continuation of the meeting of persons concerned, the delivery thereof and the publication thereof may be omitted.

### Article 186 (Combination of Date for Meeting of Persons Concerned and Special Inspection Date)

When it is deemed appropriate, the court may combine the date of the meeting of persons concerned and the special inspection date by its inherent jurisdiction or upon receiving an application filed by the custodian therefor.

### Article 187 (Objection Raised to Voting Rights)

Anyone falling under both of the following subparagraphs may raise an objection to the voting rights of any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder at the meeting of persons concerned: *Provided*, That the same shall not apply to the voting rights of any rehabilitation creditor or any rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right that is confirmed in the inspection procedures provided for in the provisions of the Section 3 of the Chapter IV of this Part:

1. The custodian; and
2. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder who are all recorded on the list or are reported.

### Article 188 (Exercise of Voting Rights)

(1) Every rehabilitation creditor or every rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right that is confirmed may exercise his/her voting rights according to the amount thereof or the number thereof that is confirmed and every shareholder or equity right holder who holds the voting rights to which no objection is raised may exercise those voting rights according to the amount or the number recorded on the list or are reported.

(2) With respect to any voting rights to which an objection is raised, the court shall determine whether to permit the exercise of the voting rights and the amount or the number on which the voting rights is permitted to be exercised.

(3) The court may amend the determination referred to in the provisions of paragraph (2) at any time upon receiving an application filed by interested persons or by its inherent jurisdiction.

(4) The determination referred to in the provisions of paragraphs (2) and (3) need not be delivered.

### Article 189 (Exercise of Voting Right in Descent)

(1) Any voting right holder may exercise his/her voting right in descent.

(2) In cases under paragraph (1), every holder of voting rights shall report in writing the gist thereof to the court at least 7 days prior to the meeting of persons concerned is held.

### Article 190 (Exclusion of Unjust Voting Right Holders)

(1) When it is deemed that any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder has acquired his/her rights for the purpose of making unfair gains, including the giving and taking of asset gains with respect to any resolution in light of the time at which the right is acquired, the price therefor is paid and of other circumstances, the court may prohibit him/her from exercising his/her voting rights.

(2) The court shall examine the relevant holder of voting rights before it takes the disposition pursuant to the provisions of paragraph (1).

### Article 191 (Persons Prohibited from Exercising His/Her Voting Rights)

Anyone falling under any of the following subparagraphs shall be prohibited from exercising his/her voting rights:

1. Anyone whose rights are not affected by the rehabilitation plan;
2. Anyone who holds a claim provided for in the provisions of Article 140 (1) and (2);
3. Anyone who holds the claim provided for in the provisions of subparagraphs 2 through 4 of Article 118;
4. Anyone who is prohibited from exercising his/her voting rights pursuant to the provisions of Articles 188 and 190; and
5. Anyone who is protected pursuant to the provisions of Article 244 (2).

### Article 192 (Exercise of Voting Rights by Proxy)

(1) Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder may cause his/her agent to exercise those voting rights. In this case, the agent shall submit a written statement attesting to his/her agency authority.

(2) The provisions of Article 189 (2) shall apply *mutatis mutandis* to cases where the agent fails to exercises the delegated voting right as delegated.

# CHAPTER VI REHABILITATION PLAN

## SECTION 1 Contents of Rehabilitation Plan

### Article 193 (Contents of Rehabilitation Plan)

(1) The matters falling under of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. Any change to all or part of the rights of any rehabilitation creditor, rehabilitation secured creditor, shareholder or any equity right holder;
2. The repayment of public-interest claims;
3. Means of raising fund to repay the debtor's obligations;
4. The purpose for using profits, that exceed the amount anticipated in the rehabilitation plan; and
5. When any other claims are known after the rehabilitation procedures commence, the details thereof.

(2) The matters falling under any of the following subparagraphs may be prescribed in the rehabilitation plan:

1. The transfer of any business or any assets, any investment or any rent and the commission of any corporate governance;
2. Any amendment of the articles of incorporation;
3. Any change in directors and the chief executive officer. (When the debtor is not a stock company, anyone who holds the authority to represent the debtor shall be included);
4. A decrease in the capital;
5. The issuance of new shares or bonds;
6. The all-inclusive exchange, transfer, merger, split and merger by split of shares;
7. Dissolution;
8. The incorporation of a new company; and
9. Other matters necessary for the rehabilitation.

(3) When an agreement is reached among all or some creditors on the repayment order of claims that they hold by the date preceding the date on which the first meeting of persons concerned is held, any provisions shall not be prescribed against claims repayment order for which is agreed within a scope so as not to damage other creditors under the rehabilitation plan. In this case, the creditors shall submit data attesting to their agreement to the court by the date preceding the date on which the first meeting of persons concerned is held.

### Article 194 (Rights of Rehabilitation Creditors, etc.)

(1) When any change is made in the rights of any rehabilitation creditor, rehabilitation secured creditor, shareholder or any equity right holder, such change in rights shall be expressly stated in the rehabilitation plan and the details of the altered rights shall be prescribed after the change thereof.

(2) When the rights of a rehabilitation creditor, a rehabilitation secured creditor, a shareholder or an equity right holder are not affected by the rehabilitation plan, the rights of such person shall be explicitly stated in the rehabilitation plan.

### Article 195 (Deadline for Obligations)

Where any obligations are borne and the deadline for any obligations are postponed according to the rehabilitation plan, the time limit of such obligations, when such obligations are secured, shall not exceed the period of the existence of the secured assets. When no security exists or it is not possible to determine on the period of the existence of such security, the period of existence thereof shall not exceed 10 years: *Provided*, That the same shall not apply to cases where bonds are issued under the conditions prescribed by the rehabilitation plan.

### Article 196 (Furnishing of Security and Bearing of Obligations)

(1) When the debtor or anyone other than the debtor furnishes any security for the rehabilitation, the person who furnishes such security shall be expressly mentioned in the rehabilitation plan and the details of such security shall be prescribed in the rehabilitation plan.

(2) When anyone other than the debtor assumes obligations, becomes a guarantor thereof and bears obligations, etc, for the rehabilitation, he/she shall be expressly mentioned and the details of the obligations shall be prescribed in the rehabilitation plan.

### Article 197 (Unconfirmed Rehabilitation Claims, etc.)

(1) When any rehabilitation claim or any rehabilitation security right to which an objection is raised and the confirmation procedures therefor are not completed, appropriate measures therefor shall be prescribed in the rehabilitation plan, taking into account the possibility of confirming such claim and such rights.

(2) Appropriate measures shall be prescribed in the rehabilitation plan for claims that are reportable pursuant to the provisions of Article 109 (2).

### Article 198 (Repaid Rehabilitation Claims, etc.)

Any rehabilitation claim and any rehabilitation security right that are repaid pursuant to the provisions of the proviso to Articles 131 and 132 (1) and (2) among the rehabilitation claims and the rehabilitation security rights shall be expressly mentioned in the rehabilitation plan.

### Article 199 (Public-Interest Claims)

Any public-interest claims that are already repaid shall be expressly mentioned in the rehabilitation plan and public-interest claims that are scheduled to be repaid in the future shall also be prescribed in the rehabilitation plan.

### Article 200 (Transfer, etc. of Business or Assets)

(1) In cases falling under any of the following subparagraphs, the subject matter, the price thereof, the other party and other matters shall be prescribed in the rehabilitation plan:
1. Where the whole or part of the debtor's business or assets are transferred, invested or rented;
2. Where the whole or part of the management of the debtor's business is commissioned;
3. Where any contract under which the profits and losses are shared with any other person and any other contract corresponding to the former are concluded, changed or canceled; and
4. Where the whole or part of another person's business and assets are acquired by transfer.

(2) In cases under paragraph (1), where the proceeds are distributed to any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder, the methods of such distribution shall also be prescribed.

### Article 201 (Rights on Which Dispute Is Not Settled)

When any dispute on the rights that belong to the debtor are not settled, matters concerning the acceptance of the compromise or the mediation or the performance of lawsuit and methods of exercising the rights custodians shall be prescribed in the rehabilitation plan.

### Article 202 (Amendment of Articles of Incorporation)

When the articles of incorporation of the debtor are amended, the details of the change in the articles of incorporation shall be prescribed in the rehabilitation plan.

### Article 203 (Change in Directors, etc.)

(1) When directors of a corporate debtor are selected and appointed or the chief executive officer thereof (when the debtor is not a stock company, anyone who holds the authority to represent the debtor shall be included; hereafter in this Article referred to as the "chief executive officer") is selected, the persons who are selected and appointed or to be selected, their terms of office or methods of their selection and appointment shall be prescribed in the rehabilitation plan.

(2) When anyone who is to remain in his/her position among the directors or the chief executive officer of a corporate debtor, he/she shall be designated, along with his/her term of office, in the rehabilitation plan: *Provided*, That when rehabilitation procedures commence on the grounds of the flight or concealment of the assets or intentional, poor corporate governance, etc. that are perpetrated and performed by any director or chief executive officer, such persons shall not be entitled to retain their positions.

(3) In cases under paragraphs (1) and (2), when multiple chief executive officers jointly represent

the debtor, the gist thereof shall be prescribed in the rehabilitation plan.

(4) The court shall select and appoint the auditor of a corporate debtor after hearing the opinion thereof of the creditors' consultative council. In this case, the court shall determine his/her term of office.

(5) The terms of office for the directors referred to in the provisions of paragraph (1) shall not exceed one year.

### Article 204 (Matters Concerning Selection and Appointment of Directors, etc.)

The rehabilitation plan concerning methods of selection, appointment or the manner of retention of office of directors, the chief executive officer or auditors of corporate debtors or any new company (excluding any new company incorporated by merger or merger by split shall be excluded) shall conform to the principle of equity and also conform to the overall interests of rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

### Article 205 (Capital Reductions of Stock Companies or Limited-Liability Companies)

(1) When the capital of a debtor who is a stock company is reduced, matters falling under both of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The amount of capital to be reduced; and
2. Means of reducing the capital.

(2) The capital reduction referred to in the provisions of paragraph (1) shall be determined taking into account the debtor's assets and obligations and the debtor's profit-making ability.

(3) When the total amount of the obligations of the debtor who is a stock company exceeds the total amount of his/her assets at the time rehabilitation procedures commence, the rehabilitation plan shall include that the capital is to be reduced by retiring not less than 1/2 of the issued shares or by amalgamating not less then 2 shares into one share.

(4) When rehabilitation procedures commence due to an act for which any director or any manager of the debtor who is a stock company is totally responsible, the rehabilitation plan shall include that the capital is to be reduced by retiring not less than 2/3 of shares held by shareholders, their relatives and shareholders with a special relationship, the scope of which is prescribed by the Presidential Decree, any of whom exercise influence over the conduct that causes the rehabilitation procedures; or by amalgamating not less than 3 shares into one share.

(5) When new shares are issued pursuant to the provisions of Article 206 after the capital reduction referred to in the provisions of paragraph (4), the shareholders provided for in the provisions of paragraph (4) shall not be permitted to underwrite the newly issued shares: *Provided*, That stock options provided for in the provisions of Article 340-2 of the Commercial Act may be granted to the shareholders referred to in the provisions of paragraph (4).

(6) The provisions of paragraphs (1) through (4) and the main sentence of paragraph (5) shall apply *mutatis mutandis* to limited-liability companies.

### Article 206 (Issuance of New Shares by Stock Companies and LimitedLiability Companies)

(1) When the debtor who is a stock company issues new shares without causing rehabilitation creditors, rehabilitation secured creditors or shareholders to pay for such newly issued shares or to make investments in kind, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The types and number of new shares;
2. Matters concerning the distribution of new shares;
3. The amount of capital and reserve increased by the issuance of new shares; and
4. The amount of obligations decreased by the issuance of new shares.

(2) When the debtor who is a stock company issues new shares and causes rehabilitation creditors, rehabilitation secured creditors or shareholders to pay for the newly issued shares or to make investments in kind, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The matters referred to in paragraph (1) 1 and 3;
2. The matters concerning the amount paid, the distribution of new shares and the date on which payments are made for the new shares; and
3. When a person makes new investment in kind, the name of such person, the assets that are the object of such new investment in kind, the price thereof and the types and the number of

shares that are given in return for the price.

(3) When the debtor who is a stock company issues new shares with the exception of cases under paragraphs (1) and (2), the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The matters referred to in paragraph (1) 1;
2. The matters referred to in paragraph (2) 3;
3. The value of newly issued shares and the date on which such value is paid; and
4. The amount not added to the capital among the value of the newly issued shares.

(4) Where new shares are issued pursuant to the provisions of paragraph (1), the provisions falling under each of the following subparagraphs shall not apply thereto:

1. The provisions of Article 37 and subparagraph 1 of Article 38 of the Banking Act;
2. The provisions of Article 19 of the Insurance Business Act;
3. The provisions of Article 17 of the Merchant Banks Act;
4. The provisions of Article 24 of the Act on Structural Improvement of the Financial Industry; and
5. Other Acts and subordinate statutes that place restrictions on investments, the acquisition of securities and the management of assets that are each performed by financial institutions (referring to the financial institutions provided for in the provisions of Article 2 of the Act on the Efficient Disposal of Non-Performing Assets, etc. of Financial Institutions and the Establishment of Korea Asset Management Corporation and Article 2 of the Act on the Structural Improvement of the Financial Industry).

(5) The provisions of paragraphs (1) through (3) shall apply *mutatis mutandis* to cases of limited-liability companies.

## Article 207 (All-Inclusive Exchange of Shares of Stock Companies)

When the debtor who is a stock company performs a total exchange of shares with another company, the matters falling under any of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;
2. Where other company becomes a full parent company, as detailed under the provisions of Article 360-2 (1) of the Commercial Act (hereinafter referred to as the "full parent company"), when the other company amends its articles of incorporation by way of the total exchange of shares. the regulations therefor;
3. Matters concerning the total number and types of shares and the number of shares by type that are newly issued by the company that becomes a full parent company for the total exchange of shares and the distribution of newly issued shares to shareholders by the company that becomes a full subsidiary (hereinafter referred to as the "full subsidiary") as defined under the provisions of Article 360-2 (1) of the Commercial Act;
4. Matters concerning the amount of capital and reserve to be raised by the company that becomes a full parent company;
5. When it is prescribed to pay money or distribute bonds to shareholders of the other company, the regulations therefor;
6. The date and time on, and at which the general meeting of shareholders is held to approve a resolution for a written contract under which the total exchange of shares is performed with any other company (where the company performs the total exchange of shares without obtaining approval therefor at the general meeting of shareholders, the gist thereof);
7. The date on which the total exchange of shares is performed;
8. When the other company distributes its profits by the date on which the total exchange of shares is performed or distributes the profits in cash pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the limited amount thereof;
9. When the company that becomes a full parent company pursuant to the provisions of Article 360-6 of the Commercial Act transfers its shares, the total number and the types of shares, and the number of shares by type that are to be transferred; and
10. When the company that becomes a full parent company appoints directors and an auditor, their names and their resident registration numbers.

### Article 208 (Total Transfer of Shares of Stock Companies)

When the debtor who is a stock company incorporates a new company that is a full parent company through a total transfer of shares, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the newly incorporated company;
2. The articles of incorporation of the newly incorporated company;
3. Matters concerning the types and the number of shares that are issued by the newly incorporated company for the total transfer of shares, the distribution of shares by the debtor who becomes a full parent company to rehabilitation creditors, rehabilitation secured creditors or shareholders;
4. Matters concerning the amount of capital and reserve of the newly incorporated company;
5. When it is decided to pay cash or distribute bonds to the shareholders of the debtor who becomes a full subsidiary, the regulations therefor;
6. The time frame during which total transfer of shares is performed;
7. When the debtor who becomes a full subsidiary distributes his/her profits by the date on which the total transfer of shares is peformed and the profits are distributed in cash pursuant to the provisions Article 462-3 (1) of the Commercial Act, the limited amount thereof; and
8. The names and resident registration numbers of the directors and auditors of the newly incorporated company.

### Article 209 (Issuance of Bonds by Stock Companies)

When a debtor who is a stock company issues bonds, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The total amount of bonds;
2. The value of each of the bonds, the interest rate of the bonds, methods of redeeming the bonds and the deadline for redeeming the bonds, methods of paying the interest thereon and the details of the bonds;
3. Methods to issue the bonds and when the bonds are issued by causing rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments or without causing them to do so, the matters concerning the distribution of such new payments; and
4. When the bonds are collateralized, the details of the security rights.

### Article 210 (Mergers of Companies by Absorption)

When a debtor, who is a company, merges with any other company and either of them survives the merger, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;
2. The types and the number of shares and equity shares that are issued by the surviving company when it merges with any other company, and matters concerning restrictions on the rights of shareholders and equity right holders to underwrite newly issued shares, or equity shares and when it is decided to grant such rights to any third person, matters concerning such rights;
3. The types, the number and the distribution of shares or equity shares that are issued to the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders of any company that is extinguished by merger and matters concerning the distribution of such shares or equity shares;
4. The amount of capital and reserve that are expected to be raised in the surviving company;
5. When it is decided to pay cash or distribute bonds to the shareholders and equity right holders of any company that is extinguished by merger, the regulations therefor;
6. The date and the time on, or at which the general meeting of shareholders or the general meeting of employees is held to resolve on the approval of a written merger contract;
7. The date on which a merger is effected;
8. Where surviving company decides to amend the articles of incorporation due to merger, the regulations therefor;
9. When the other company distributes its profits or distributes the profits in cash due to merger pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the amount limited

thereof; and

10. When any director or any auditor (including audit committee members; hereafter in this Article through Article 213 the same shall apply) who is to take office in the surviving company due to merger is selected, his/her name and resident registration number.

## Article 211 (Incorporation of Companies by Mergers)

When the debtor, who is a company incorporates a new company after his/her company merges with another company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;
2. The trading name, purposes, the locations of the principal office and the branch offices, the amount of capital and reserve and methods of notification of the newly incorporated company;
3. The types and the number of shares and equity shares that are issued by the newly incorporated company and their distribution;
4. When matters concerning restrictions on the rights of shareholders and equity secured creditors to underwrite shares or equity shares that are newly issued by the newly incorporated company at the time that the company is newly incorporated and matters concerning the underwriting of such shares or equity shares by any specific third person are prescribed, the matters thereof;
5. The types and the number of shares or equity shares that are issued for rehabilitation creditors and rehabilitation secured creditors, the shareholders and equity right holders of the debtor or the shareholders and equity right holders of the other company and matters concerning their distribution;
6. When it is decided to pay cash or distribute bonds to shareholders and equity right holders of each company, the regulations therefor;
7. The date and the time on, and at which the general meeting of shareholders or the general meeting of employees of any other company is held to resolve on the approval for a merger contract;
8. The date on which the merger is effected;
9. When the other company distributes its profits or its profits in cash on the grounds of merger pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the limited amount thereof; and
10. When any director and any auditor who are to take office in any company that survives the merger are selected, their names and resident registration numbers.

## Article 212 (Splits of Stock Companies)

(1) When a debtor, who is a stock company, incorporates a new company after a split of its stock company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The firm name, purposes, the locations of the principal office and the branch offices, the number of shares to be issued, the value per share, the amount of capital and reserve and the methods of notification of the newly incorporated company;
2. The total number and the types of shares and the number of shares by type that are issued by the newly incorporated company;
3. The matters concerning restrictions on the rights of shareholders to underwrite new shares issued by any new company, which are prescribed at the time that such new company is incorporated and when the right to underwrite new shares is granted to any specific third person, the matters with regard thereto;
4. When the shares of any newly incorporated company are distributed to the rehabilitation creditors, rehabilitation secured creditors or shareholders of the debtor without causing them to make new payments, the matters concerning the total number and the types of shares and the number of shares by type that are issued, and the distribution of such shares and when the shares are combined or divided by their distribution, the matters with regard thereto;
5. When it is decided to pay cash and distribute bonds to the shareholders of the debtor, the regulations therefor;

6. The assets and the value thereof, which are transferred to the newly incorporated company;
7. When anything is prescribed pursuant to the provisions of Article 5309 (2) of the Commercial Act, the details thereof;
8. Persons who are expected to become directors, the chief executive officer and auditors of the newly incorporated company, ways to select and appoint them and their terms of office. In this case, their terms of office shall not exceed one year;
9. When the newly incorporated company issues bonds, the matters referred to in each subparagraph of Article 209;
10. When shares are issued by causing rehabilitation creditors, rehabilitation secured creditors, shareholders or any third person to pay for them. the matters concerning the amount of their payments, the distribution of such shares and the dates of their payments;
11. When anyone makes investment in kind, his/her name and resident registration number, the property that is the object of such investment, the price thereof and the types and the number of shares that are distributed in return;
12. The matters that are intended to be entered in the articles of incorporation of the newly incorporated company;
13. The amount of capital and reserve; and
14. The date on which the split is effected.
(2) When the debtor remains existance after a split, the matters falling under each of the following subparagraphs with respect to the debtor shall be prescribed in the rehabilitation plan:
1. The amount of capital and reserve to be reduced;
2. Ways to reduce the capital;
3. The assets that are transferred on the due to the spit and their value;
4. The total number of shares issued after the split:
5. When the total number of shares issued by the debtor is reduced, the total number and the kinds of shares and the number of shares by kind, which are reduced; and
6. Other matters that result in an amendment of in the articles of incorporation.

## Article 213 (Split and Merger of Stock Companies)

(1) When a debtor, who is a stock company, is split and part of such stock company is merged with another company and such other company remains in existance and other company is split and part of such other company merges with the debtor who is a stock company and such debtor remains in existance, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:
1. The trading name of the other company;
2. When the total number of shares that the surviving company has to issue on the grounds of thesplit and merger increases, the matters concerning the total number of shares that increases, the types of shares and the number of shares by type that increase and restrictions on the rights of shareholders to underwrite such shares and the right of any third person to underwrite newly issued shares is given, the regulations therefor;
3. The matters concerning the total number, types of new shares and the number of shares by type issued for the rehabilitation creditors, rehabilitation secured creditors and shareholders of the debtor who is split or the distribution of such shares, and when the combination or the division of shares is performed on the grounds of their distribution, the matters thereabout;
4. When it is decided to prescribe the payment of cash and the distribution of bonds to shareholders of any company that is to split, the matters thereabout;
5. Matters concerning the total amount of capital and reserve of the surviving company, which is raised;
6. The assets and their value that the debtor who is split transfers to the surviving company;
7. When it is prescribed pursuant to the provisions of Article 530-9 (3) of the Commercial Act, the matters with regard thereto;
8. The date and time on, and at which the general meeting of shareholders of the other company is held to resolve on the approval of a written split and merger contract;
9. The date on which the split and the merger are effected;
10. Where the other company survives, when the directors and auditors of such company are

selected, their names and resident registration numbers; and

11. Other matters that result in an amendment of the articles of incorporation of the surviving debtor.

(2) When the debtor is split and part of the debtor is merged with another company or part of another company to form a new company, when the other company is split and part of such other company is merged with the debtor or part of the debtor to form a new company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;

2. The trading name, purposes, the locations of the principal office and branch offices, the number of shares to be issued, the value per share, the amount of capital and reserve, and methods of notification of the newly incorporated company;

3. Matters concerning restrictions on the rights of shareholders to underwrite shares that are issued by the newly incorporated company at the time that the new company is incorporated and when it is prescribed that the right to underwrite new shares is granted to any third person, the matters with regard thereto;

4. The assets and their value, which are transferred by the debtor or the other company to the newly incorporated company;

5. When anything is prescribed pursuant to the provisions Article 530-9 (2) of the Commercial Act, the details thereof;

6. Other matters to be entered in the articles of incorporation of the newly incorporated company;

7. Matters concerning the total number and the types of shares, and the number of shares by type issued for the rehabilitation creditors, rehabilitation secured creditors and shareholders of the debtor or the shareholders of the other company, and when the shares are combined or split upon distribution, the matters with regard thereto;

8. When it is prescribed to pay cash or distribute bonds to the debtor or the shareholders of the other company, the matters with regard thereto;

9. The date and the time on, and at which the general meeting of shareholders of the other company is held to resolve on the approval for a written split and merger contract;

10. The date on which the split and the merger are effected; and

11. Persons who are expected to become directors, the chief executive officer and auditors of the newly incorporated company, their selection and appointment, methods of selecting them and their terms of office. In this case, their terms of office shall not exceed one year.

(3) The provisions of Article 212 shall apply *mutatis mutandis* to cases where the part that is not subject to the split and merger of the debtor provided for in the provisions of paragraphs (1) and (2) is prescribed.

### Article 214 (Asset Spinoff of Stock Companies)

The provisions of Articles 212 and 213 shall apply *mutatis mutandis* to cases where the debtor, who is a stock company to be split, acquires all of the shares of any company that is incorporated on the grounds of split or merger by split.

### Article 215 (Incorporation of New Company by Stock Companies or LimitedLiability Companies)

(1)When a new company (limited to any stock company or any limitedliability company. hereafter in this Article the same shall apply) is incorporated by causing rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders to underwrite its shares or its equity shares instead of causing them to make new payments or make investment in kind therein, the following matters under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name, purposes, the locations of the principal office and branch offices and methods of notification of the newly incorporated company;

2. The kinds and the number of shares and equity shares issued by the newly incorporated company;

3. The value per share or per investment;

4. Matters concerning restrictions on the rights of shareholders to underwrite shares or equity

shares or the rights of equity right holders to underwrite equity shares, each of which are issued by the newly incorporated company at the time that the new company is incorporated, and when the right of any third person to do so is prescribed, the matters with regard thereto;

5. Matters concerning the types, the number and the distribution of shares or equity shares issued for rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders;

6. Other matters that are entered in the articles of incorporation of the newly incorporated company;

7. The amount of capital and amount of reserve of the newly incorporated company;

8. The assets, and their value, that are transferred from the debtor to the newly incorporated company;

9. Persons who are expected to become directors, the chief executive officer and auditors in the newly incorporated company, their selection and appointment, methods of selecting them and their terms of office. In this case, their terms of office shall not exceed one year; and

10. When the newly incorporated company issues bonds, the matters provided for in each subparagraph of Article 209.

(2) With the exception of cases under paragraph (1), when a new company is incorporated without resorting to the total exchange of shares, any merger, any split or any split by merger, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The matters referred to in paragraph (1) 1 through 3, 6, and 8 through 10;

2. The types and the number of shares or equity shares issued at the time the new company is incorporated and when rehabilitation creditors, rehabilitation secured creditors or equity right holders are permitted to underwrite shares or equity shares without causing them to make new payments or make investments in kind, the matters referred to in paragraph (1) 5; and

3. When anyone makes a new investment in kind, his/her name and resident registration number, the assets that are the object of his/her investment and the value thereof, and the types and number of shares and equity shares each provided in return for his/her investment.

### Article 216 (Dissolution)

When the debtor dissolves his/her company without resorting to any merger, any split or any split by merger. the gist thereof and the time of the dissolution of his/her company shall be prescribed in the rehabilitation plan.

### Article 217 (Fair and Equal Differentiation)

(1) The restoration plan shall provide differentiation in terms of its fairness and equality taking into account the ranking order of the rights referred to in the provisions of each of the following subparagraphs:

1. Rehabilitation security rights;

2. General preferential rehabilitation claims;

3. Rehabilitation claims, other than the rehabilitation claims referred to in subparagraph 2;

4. The rights of shareholders and equity right holders, the details of which call for the preferential distribution of the residual property; and

5. The rights of shareholders and equity right holders, other than the rights referred to in the provisions of subparagraph 4.

(2) The provisions of paragraph (1) shall not apply to claims provided for in the provisions of Article 140 (1) and (2).

### Article 218 (Principles of Equality)

(1)The conditions of the rehabilitation plan shall allow for equality between persons who hold rights of the same nature: *Provided*, That the same shall not apply to instances falling under any of the following subparagraphs:

1. When consent is obtained from a person who suffers disadvantage;

2. When the principles of equality are not undermined even if any rehabilitation creditor, any rehabilitation secured creditor whose claims are minor in terms of amount, or any person who holds a claim provided for in the provisions of subparagraphs 2 through 4 of Article 118 are differently prescribed or differentiated; and

3. When the principles of equality are not undermined even if persons who hold rights of the same kind are differentiated.

(2) Where a claim falling under any of the following subparagraphs is prescribed differently from other rehabilitation claims or is differentiated in the rehabilitation plan, it is recognized that such does not undermine the principles of equality, and such claim may be handled more disadvantageously than other rehabilitation claim:

1. A claim that accrues from a consumer cash loan extended to a person with a special relationship, whose scope is prescribed by the Presidential Decree, with the debtor before rehabilitation procedures commence;

2. A claim regarding guarantee obligations where the debtor becomes a guarantor without compensation for the person in a special relationship, the scope of which is prescribed by the Presidential Decree, with the former before rehabilitation procedures commence; and

3. A claim for indemnification that accrues from a guarantee liability for the debtor where the person in a special relationship, whose scope is prescribed by the Presidential Decree, with the debtor becomes a guarantor for the debtor before rehabilitation procedures commence.

### Article 219 (Setting Aside of Act of Giving Special Profits)

The act of giving special profits to any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder in his/her name, or the name of any third person, without resorting to the rehabilitation plan shall be set aside.

## SECTION 2 Submission of Draft Rehabilitation Plan

### Article 220 (Submission of Draft Rehabilitation Plan)

(1) When the value is deemed higher where the debtor's business continues than its value where the debtor's business is liquidated, the court shall order any custodian to submit without delay a draft rehabilitation plan, the contents of which are geared toward the continuation of the debtor's business through debtors being in existence, the exchange of shares. the transfer of shares, merger, split, split by merger, the incorporation of a new company and the transfer of business on or after the date on which the first meeting of persons concerned is held within a fixed period.

(2)When the court determines to grant the order referred to in the provisions of paragraph (1), it shall publish the details of such decision and the gist provided for in the provisions of Article 221 (1).

(3) The court may extend the fixed period referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application therefor.

(4) When any custodian is unable to develop the draft rehabilitation plan, he/she shall advise the court his/her inability to do so within the period referred to in the provisions of paragraph (1) or (3).

(5) The period set by the court pursuant to the provisions of paragraph (1) shall not exceed 4 months: *Provided*, That if the debtor is an individual, the period shall not exceed 2 months.

(6) The extension of the period referred to in the provisions of paragraph (3) shall not exceed 2 months: *Provided*, That if the debtor is an individual or a smalland medium-sized enterpriser, the extension of the period shall not exceed one month.

### Article 221 (Submission of Draft Rehabilitation Plan by Rehabilitation Creditors, etc.)

(1) Anyone falling under any of the following subparagraphs may develop and submit a draft rehabilitation plan to the court within the period provided for in the provisions of Article 220 (1):

1. The debtor; and

2. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder, each of whom are recorded on the list or are reported.

(2) The provisions of Article 220 (3) and (6) shall apply *mutatis mutandis* to cases under paragraph (1).

### Article 222 (Draft Rehabilitation Plan Whose Details Aim for Liquidation or Business Transfer, etc.)

(1) When the value of the debtor's business is deemed higher where the business is liquidated

than its value when the debtor's business continues, the court may, upon receiving an application filed by a person falling under any of the following subaparagraphs, permit the development of a rehabilitation plan, the details of which are geared toward liquidation (including the transfer of the whole or part of the business and the asset spinoff of the business): *Provided*, That the same shall not apply where it causes damage to general creditors' interests:

1. The custodian;
2. The debtor; and
3. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder each of whom are recorded on the list and are reported.

(2) The provisions of paragraph (1) shall apply *mutatis mutandis* to cases where it becomes manifestly difficult to develop a draft rehabilitation plan, the details of which are geared toward the continuation of the business through debtors being in existence, merger, split, split by merger and the incorporation of a new company, etc. after rehabilitation procedures commence.

(3) The court may revoke the permission referred to in the provisions of paragraph (1) or (2) at any time prior to the draft rehabilitation plan being placed in a resolution.

(4) The provisions of Article 236 (4) shall apply *mutatis mutandis* to the permission referred to in the provisions of paragraphs (1) and (2).

### Article 223 (Prior Submission of Draft Rehabilitation Plan)

(1) Any creditor who holds a claim corresponding to not less than 1/2 of the debtor's obligations may develop a rehabilitation plan and submit it to the court from the time when rehabilitation procedures commence until the date preceding the date on which the fist meeting of persons concerned is held.

(2) The court shall keep the draft rehabilitation plan (when the draft rehabilitation plan is revised pursuant to the provisions of Article 228 or 229 (2), this refers to the revised draft rehabilitation plan; hereafter in this Article refers to as the "prior draft plan") in the court in order for interested persons to inspect it.

(3) Creditors other than creditors who have submitted the prior draft plan, may express their intentions to agree to the prior draft plan in writing to the court by the date preceding the date on which the meeting of persons concerned is held to resolve on the draft rehabilitation plan.

(4) Where the total amount of claims held by a creditor who has submitted the prior draft plan, or who has agree to the prior draft plan is equivalent to not less than 2/3 of rehabilitation claims and rehabilitation security rights that are recorded on the list or reported by the date preceding the date on which the first meeting of persons concerned is held, the period that is set by the court pursuant to the provisions of Article 220 (1) shall not exceed 2 months, notwithstanding the provisions of paragraph (5) of the same Article and the extension of the period referred to in the provisions of paragraph (3) of the same Article shall not exceed one month, notwithstanding the provisions of paragraph (6) of the same Article.

(5) When the prior draft plan is submitted, the relevant custodian need not submit the draft rehabilitation plan after obtaining exemption thereof from the court or may withdraw the draft rehabilitation plan that he/she has submitted to the court.

(6) Any creditor who submits the prior draft plan or expresses an intention to agree to the prior draft plan (including any creditor who expresses his/her intention of agreeing to the prior draft plan provided for in the provisions of paragraph (3) after the date on which the meeting of persons concerned is held) shall be deemed to have agreed to it when the prior draft plan is approved by a resolution at the meeting of persons concerned that is called for the adoption thereof: *Provided*, That when the contents of the prior draft plan are revised so as to be disadvantageous for creditors, circumstances are greatly changed and serious grounds exist, such creditors may withdraw their agreements after obtaining the court's permission therefor by the day preceding the date on which the meeting of persons concerned is held.

### Article 224 (Meeting of Persons Concerned Held to Examine Draft Rehabilitation Plan)

When the draft rehabilitation plan is submitted, the court shall call a meeting of persons concerned to examine such draft rehabilitation plan on a fixed date: *Provided*, That the same shall not apply to cases where it is placed on a written resolution provided for in the provisions of Article 240.

### Article 225 (Hearing of Opinions with Respect to Draft Rehabilitation Plan)

The court shall hear the opinions of persons falling under each of the following subparagraphs concerning the draft rehabilitation plan after hearing an explanation of the draft rehabilitation plan from the submitters of such draft rehabilitation plan at the meeting of persons concerned provided for in the provisions of Article 224:

1. The custodian;
2. The debtor; and
3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are entered in the list or are reported.

### Article 226 (Opinions of Supervisory Administrative Agencies, etc.)

(1) When it is deemed necessary, the court may request any administrative agency in charge of supervising the debtor's business, the Minister of Justice, the Financial Supervisory Commission and any other administrative agency to state their opinions with respect to the draft rehabilitation plan.

(2) With respect to a draft rehabilitation plan that prescribes matters that require permission, authorization, license and other dispositions of administrative agencies, the court shall hear the opinions of administrative agencies with respect thereto.

(3) The administrative agency in charge of supervising the debtor's business, the Minister of Justice and the Financial Supervisory Commission may state their opinions with respect the draft rehabilitation plan to the court at any time.

### Article 227 (Opinions of Debtor's Union, etc.)

The court shall hear the opinion of the person falling under each of the following subparagraphs with respect to the draft rehabilitation plan:

1. A union comprised of a majority of the debtor' workers; and
2. When the union referred to in subparagraph 1 is nonexistent, the person who represents a majority of the debtor's workers.

### Article 228 (Revision of Draft Rehabilitation Plan)

Any submitter of the draft rehabilitation plan may revise the draft rehabilitation plan after obtaining permission from the court therefor by the date on which a meeting of person concerned is held to examine the draft rehabilitation plan or by the date on which it is decided to place the draft rehabilitation plan on a written resolution pursuant to the provisions of Article 240.

### Article 229 (Order Given to Revise Draft Rehabilitation Plan)

(1) The court may order any submitter of the draft rehabilitation plan to revise it by its inherent jurisdiction or upon receiving an application filed by interested persons.

(2) When an order is given by the court pursuant to the provisions of paragraph (1), any submitter of the draft rehabilitation plan shall revise it within by the deadline set by the court.

### Article 230 (Resumption of Meeting of Persons Concerned)

(1) When the revision provided for in the provisions of Article 229 is made after the date on which the meeting of persons concerned is held to examine the draft rehabilitation plan, the court may call a meeting of persons concerned to examine a draft revision on a fixed date.

(2) The provisions of Article 225 shall apply *mutatis mutandis* to the meeting of persons concerned referred to in the provisions of paragraph (1).

### Article 231 (Exclusion of Draft Rehabilitation Plan)

Where the draft rehabilitation plan falls under any of the following subparagraphs, the court may not place the draft rehabilitation plan under the examination or on the resolution of the meeting of persons concerned:

1. If the draft rehabilitation plan is in violation of the Act;
2. If the draft rehabilitation plan is unfair or is not in conformity with the principles of equality; and
3. If it is impossible to implement the draft rehabilitation plan.

### Article 232 (Meeting of Persons Concerned Called to Resolve on Draft Rehabilitation Plan)

(1) When the court does not order the revision of the draft rehabilitation plan that goes through an examination of the meeting of persons concerned pursuant to the provisions of Articles 224 and

230, the court shall call a meeting of persons concerned to resolve on the draft rehabilitation plan after setting the date therefor.

(2) In cases under paragraph (1), the court shall deliver in advance a copy or summary of the draft rehabilitation plan to persons falling under each of the following subparagraphs:

1. The custodian;
2. The debtor;
3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders (excluding anyone not entitled to exercise his/her voting rights) who are entered in the list or are reported; and
4. Any person who bears any obligations or provides security for the rehabilitation.

(3) The delivery referred to in the provisions of paragraph (2) may be performed in the same manner as documents are mailed.

(4) The provisions of Article 8 (4) and (5) shall apply *mutatis mutandis* to the delivery referred to in the provisions of paragraph (3).

### Article 233 (Presence of Persons who Bear Obligations for Rehabilitation)

(1) Anyone who bears any obligation or provides any security for rehabilitation shall be present to state the gist thereof on the date provided for in the provisions of Article 232 (1): *Provided*, That he/she may cause his/her agent to be present when justifiable grounds thereof exist.

(2) The agent referred to in the proviso to the provisions of paragraph (1) shall submit a written statement attesting his/her agency authority.

(3) When it is placed in a written resolution pursuant to the provisions of Article 240, the terms of an agreement of any person who bears any obligations or provides a security shall be prescribed in the draft rehabilitation plan after obtaining such agreement from such person instead of the statement referred to in the provisions of paragraph (1).

### Article 234 (Amendment of Draft Rehabilitation Plan)

Any submitter of the draft rehabilitation plan may amend such draft rehabilitation plan at the meeting of persons concerned provided for in the provisions of Article 232 (1) after obtaining permission therefor from the court only when such change does not disadvantageously affect rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

## SECTION 3 Resolution for Draft Rehabilitation Plan

### Article 235 (Timing of Resolution)

The draft rehabilitation plan shall not be placed in a resolution before the inspection period expires.

### Article 236 (Methods of Resolution and Categorization of Rehabilitation Creditors, etc.)

(1) When a resolution is placed on the agenda of a meeting of persons concerned pursuant to the provisions of Article 232 (1), or a written resolution is placed on the agenda pursuant to the provisions of Article 240, rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders shall participate in such resolution as a group as categorized pursuant to the provisions of paragraphs 2, 3 and 5.

(2)Rehabilitation creditors, rehabilitation secured creditors, shareholders, equity right holders shall be categorized into the groups falling under each of the following subparagraphs for their participation in the development and the passing of resolutions on the draft rehabilitation plan: *Provided*, That the same shall not apply to anyone who holds a claim provided for in the provisions of Article 140 (1) and (2):

1. Rehabilitation secured creditors;
2. Rehabilitation creditors who hold general priority rights;
3. Rehabilitation creditors other than rehabilitation creditors referred to in the provisions of subparagraph 2;
4. Shareholders and equity right holders who hold shares or equity shares that carry priority provisions for the distribution of the residual property; and
5. Shareholders and equity right holders other than the shareholders and the equity right

holders provided for in the provisons of subparagraph 4.

(3) The court may categorize persons who fall under at least two subparagraphs into one group or persons who fall under one subparagraph into at least 2 groups taking into account the nature of the rights held by the persons referred to in each subparagraph of paragraph (2) and the relation of interest: *Provided*, That rehabilitation secured creditors, rehabilitation creditors, shareholders and equity right holders shall each be categorized into another group.

(4) Anyone falling under any of the following subparagraphs may state his/her opinion with respect to the categorization referred to in the provisions of paragraph (3):

1. The custodian;
2. The debtor; and
3. Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are all recorded on the list or are reported.

(5) The court may alter the categories referred to in the provisions of paragraphs (2) and (3) at any time before the draft rehabilitation plan is placed in a resolution.

(6) The provisions of Article 163 shall apply *mutatis mutandis* to the delivery of the decision referred to in the provisions of paragraphs (3) and (5): *Provided*, That when a declaration is made on the date on which the meeting of persons concerned is held, the delivery need not be made.

## Article 237 (Requirements for Resolutions)

The draft rehabilitation plan shall be resolved upon at a meeting of persons concerned according to the classifications falling under the following subparagraphs:

1. The group of rehabilitation creditors:

The agreement is required to be obtained from the persons who hold the voting rights equivalent to not less than 2/3 of the total amount of the voting rights of the rehabilitation creditors who are entitled to exercise their voting rights;

2. The group of rehabilitation secured creditors:
   (a) Agreement is required from persons who hold voting rights equivalent to not less than 3/4 of the total voting rights of the rehabilitation secured creditors who are entitled to exercise their voting rights on the draft rehabilitation plan pursuant to the provisions of Article 220; and
   (b) Agreement is required from persons who hold the voting rights equivalent to not less than 4/5 of the total amount of the voting rights of the rehabilitation secured creditors who are entitled to exercise their voting rights on the draft rehabilitation plan provided for in the provisions of Article 222; and

3. The group of shareholders and equity right holders:

Agreement is required from persons who hold voting rights equivalent to not less them 1/2 of the total voting rights of shareholders and equity right holders who are entitled to exercise their voting rights at the meeting of persons concerned for the resolution of the draft rehabilitation plan.

## Article 238 (Designation of Extended Deadline)

Where a meeting of persons concerned fails to resolve on the draft rehabilitation plan, when persons falling under the following subparagraphs agree to extend the deadline, the court may set an extended deadline by its inherent jurisdiction or upon receiving an application filed by the custodian or the debtor and any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are entitled to exercise their voting rights:

1. Persons who hold voting rights equivalent to not less than 1/2 of the total voting rights of the rehabilitation creditors who are entitled to exercise their voting rights from among group of rehabilitation creditors;
2. Persons who hold voting rights equivalent to not less than 2/3 of the total voting rights of the rehabilitation secured creditors who are entitled to exercise their voting rights from among the group of rehabilitation secured creditors; and
3. Persons who hold voting rights equivalent to not less than 1/3 of the total voting rights of the shareholders and equity right holders who are entitled to exercise their voting rights from among the group of shareholders and equity right holders.

## Article 239 (Timing of Resolution)

(1) The draft rehabilitation plan shall be resolved upon within 2 months from the fist day of the meeting of persons concerned provided for in the provisions of Article 232 (1).

(2) When it is deemed necessary, the court may extend the period referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by any submitter of the draft rehabilitation plan. In this case, the period shall not exceed one month.

(3) The draft rehabilitation plan shall be resolved upon within one year from the date on which rehabilitation procedures commence: *Provided*, That the court may extend the period within the scope of 6 months on the grounds of expediency.

### Article 240 (Resolutions in Writing)

(1) If it is deemed appropriate when the draft rehabilitation plan is submitted, the court may determine the gist of a written resolution into which the draft rehabilitation plan is placed (hereinafter in this Part referred to as the "written resolution"). In this case, the court shall publish the gist thereof.

(2) When the written resolution referred to in the provisions of paragraph (1) is decided, the court deliver a copy or a summary of the draft rehabilitation plan to each of the persons provided for in Article 182 (1) and also deliver a written statement to each of the voting right holders, requesting them to confirm in writing as to whether they agree with the draft rehabilitation plan, their opinions with respect to whether authorization is granted and whether they agree with the designation of the extended deadline if the draft rehabilitation plan is not resolved within the period set by the court (hereafter referred to as the "response period" in this Article). In this case, the response period shall not exceed 2 months from the date on which the decision referred to in the provisions of paragraph (1) is made.

(3) The delivery referred to in the provisions of paragraph (2) may be made in the same manner as documents are mailed.

(4) When the draft rehabilitation plan is delivered pursuant to the provisions of paragraph (2), it shall be deemed that the meeting of persons concerned held to examine the draft rehabilitation plan provided for in the provisions of Article 224 comes to an end.

(5) When the written agreement of voting right holders to the draft rehabilitation plan delivered to the court within the response period meet the requirements for a resolution provided for in the provisions of Article 237, the draft rehabilitation plan shall be deemed resolved upon.

(6) The provision of Articles 188 (1) through (3) and 189 shall apply *mutatis mutandis* to every written resolution.

(7) When the extended deadline provided for in the provisions of Article 238 is designated for the draft rehabilitation plan that is not resolved upon by means of a written resolution, the draft rehabilitation plan shall be placed in a resolution on the continuation date and it shall not be placed in a written resolution again.

### Article 241 (Surviving Corporation If Draft Rehabilitation Plan Adopted)

When rehabilitation procedures commence and the draft rehabilitation plan is resolved upon for a debtor who is an incorporated association or an incorporated foundation that is under liquidation or is declared bankrupt, such incorporated association may continue to exist according to the regulations governing the amendment of its articles of association and such incorporated foundation may continue to exist after obtaining an authorization therefor from the administrative agency in charge of incorporated foundations.

## SECTION 4 Authorization, etc. of Rehabilitation Plan

### Article 242 (Authorization Granted for Rehabilitation Plan)

(1) When a draft rehabilitation plan is resolved upon at a meeting of persons concerned, the court shall determine whether to grant authorization for the rehabilitation plan immediately or on the date on which a report is made on the resolution for the draft rehabilitation plan.

(2) Persons falling under either of the following subparagraphs may state their opinions on whether to grant an authorization for the rehabilitation plan on the date referred to in the provisions of paragraph (1):

1. A person provided for in any subparagraph of Article 182 (1); and
2. The administrative agency in charge of supervising the debtor's business, the Minister of Justice and the Financial Supervisory Commission.