UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
In re:                                                   :    Chapter 15
                                                         :
Daewoo Logistics Corporation,                            :    Case No. 15558 (BRL)
                                                         :
        Debtor in a Foreign Proceeding                   :
-------------------------------------------------------- X
```

## ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD NOT BE GRANTED PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING WITH TEMPORARY RESTRAINING ORDER

Upon the application (the "Application") of Yong-Nam Ahn, as the court appointed receiver (the "Petitioner") of Daewoo Logistics Corporation (the "Company"), the foreign representative, in the Company's proceeding (the "Korean Bankruptcy Proceeding") under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "DRBA") pending before the 8th Bankruptcy Division of the Seoul Central District Court (the "Korean Bankruptcy Court"), by its special United States counsel, Blank Rome LLP, pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), for ex parte and provisional relief, and scheduling a hearing (the "Hearing"), the Declarations of Jeremy J.O. Harwood and Mr. Yong-Nam Ahn, in support (collectively the "Application"), and based on the foregoing, the Court finds and concludes that a showing has been made as follows:

    a)    The Petitioner has demonstrated a substantial likelihood of success that the Company is subject to a pending foreign main proceeding in Korea and that the Petitioner is the foreign representative of the Company;

    b)    The commencement or continuation of any action or proceeding in the U.S. against the Company or any of its assets or proceeds thereof should be enjoined pursuant to

1

sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estate in the Korean Bankruptcy Proceeding, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

    c)  Unless a restraining order is issued, it appears to the Court that there is a material risk that the Company's assets could be subject to attack by creditors in the U.S., in particular under Rule B of the Supplemental Rules of Admiralty or Maritime Claims And Asset Forfeiture Actions ("Rule B") thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing harm to the Petitioner's efforts to administer the Company's estate pursuant to the Korean Bankruptcy Proceeding, and undermining the Petitioner's efforts to achieve an equitable result for the benefit of <u>all</u> of the Company's creditors, and as a result, the Company will suffer immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel;

    d)  The interest of the public will be served by this Court's granting of the relief requested by the Petitioner; and

    e)  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

 NOW THEREFORE, IT IS HEREBY

 ORDERED, that all parties in interest come before the Honorable Burton R. Lifland, United States Bankruptcy Judge, for the Hearing at 10:00 a.m. on September 24, 2009, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room 623, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted:

a) enjoining all persons and entities from commencing or continuing any legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) (an "Action"), including any discovery, against the Company or against its assets or the proceeds thereof;

b) enjoining the enforcement of any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its assets or the proceeds thereof;

c) enjoining the commencement or continuation of any action to create, perfect or enforce any lien, setoff or other claim against the Company or against any of its assets or the proceeds thereof;

d) otherwise enjoining Saga Forest Carriers Int'l S.A. enforcing any judgment or seeking recognition of any arbitral award against the Company and from taking any other action against the Company with regard to any pre-petition debt in the United States;

e) requiring that when informed of these proceedings every person and entity that is a plaintiff in an Action in which the Company is or was named as a party, or as a result of which liability against the Company may be established, place the Petitioner's special United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list; and it is further

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from (a) continuing any Action or commencing any additional Action, including discovery, involving the Company, or its assets or the proceeds thereof; (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its assets, or (c) commencing or continuing any Action to create, perfect or enforce any lien, setoff or other claim against the Company or against any of its property; and it is further

ORDERED, that pursuant to Rule 7065(b) of the Federal Rules of Bankruptcy Procedure, no notice to any person is required prior to entry and issuance of this Order; and it is further

ORDERED, that any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) business days notice to special United States counsel for the Petitioner, filing a motion seeking an order of this Court vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Petitioner in this proceeding; and it is further

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon counsel for Saga Forest by hand or by e-mail by 3 p.m. on September 17, 2009 and all U.S. Creditors by 3 p.m. on September 17, 2009, and any other interested party that becomes known to the Petitioner at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Supporting Papers shall also be made available by the Petitioner upon request at the offices of Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174-0208 (Attention: Jeremy Harwood, Esq.), and it is further

ORDERED, that objections, if any, submitted for the purpose of opposing the Petitioner's request for a preliminary injunction on the terms described above must be made in writing describing the basis therefore and shall be filed with the Court electronically in accordance with General Order M-242 by registered users of the court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable Burton R. Lifland, and served upon Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174-0208 (Attention: Jeremy Harwood, Esq.), special United States counsel for the Petitioner, so as to be received on or before September 23, 2009 at 11 :00 a.m. (New York time); except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order.

Dated: New York, New York
      September 17, 2009, at 11:22 a.m.

                                              /s/ Burton R. Lifland
                                              HON. BURTON R. LIFLAND
                                              UNITED STATES BANKRUPTCY
                                              JUDGE