UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DAEWOO LOGISTICS CORPORATION,             :
                                          :
            Plaintiff,                    :
                                          :
      -v-                                 :   07 Civ. 10725 (JSR)
                                          :
BARWIL ZAATARAH AGENCIES LTD.,            :
                                          :
            Defendant.                    :
------------------------------------- x
------------------------------------- x
                                          :
                                          :
                                          :
                                          :
IN RE DAEWOO LOGISTICS CORPORATION        :   09 BK 15558 (BRL)
                                          :
                                          :
                                          :
                                          :   MEMORANDUM ORDER
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-24-10

JED S. RAKOFF, U.S.D.J.

By Order dated June 10, 2010, this Court withdrew the reference of this matter from the bankruptcy court for the limited purpose of deciding the merits of defendant's motion for a turnover order directing the distribution of funds held in an escrow account. Defendant filed its motion on June 23, 2010, and after receiving briefing from both sides, the Court heard oral argument on July 27, 2010. Because plaintiff's counsel raised for the first time at oral argument the issue of whether this Court has subject matter jurisdiction to hear this dispute, see Tr., 7/27/10, at 7, the Court requested supplemental papers on the jurisdiction issue in the form of

simultaneous letters briefs submitted by both parties on August 4, 2010 and August 11, 2010.

This Rule B maritime action was commenced on November 30, 2007. By Order dated March 6, 2008, the Court placed the case on the suspense docket because, although defendant's funds were attached, defendant had not appeared. On July 22, 2008, plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a), which was signed by the Court on July 28, 2008, and the case was terminated.

Defendant's instant motion is based on plaintiff's alleged failure to fulfill its obligations under a "Settlement and Escrow Agreement" entered into by the parties on June 27, 2008. Under the agreement, defendant paid $195,000.00 to plaintiff and funded an escrow account in the amount of $33,025.00 that would be used to satisfy Jordanian custom fines levied for plaintiff's vessel calls, with any balance after one year paid to plaintiff; the escrow was to be released only on the joint instruction of the parties. See Chalos Decl. Ex. C at 1-2, ECF No. 16-2. In exchange, plaintiff agreed to dismiss this action with prejudice and to release defendant's attached electronic funds transfers. Id. at 2. In the agreement, the parties agreed that "any dispute arising hereunder or relating thereto shall be referred to the United States District Court for the Southern District of New York," or to New York State supreme court should the federal court lack jurisdiction. Id. at 3. Although this language

2

arguably indicates that the parties intended for this Court to retain jurisdiction to enforce the settlement agreement, the Court nonetheless lacks jurisdiction to do so. As Judge Kaplan concluded in Cross Media Marketing Corp. V. Budget Marketing, Inc., 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004), where the parties "never submitted the settlement agreement to the Court and did not . . . provide [for the retention of jurisdiction] in their stipulation of dismissal," the Court "did not retain jurisdiction for the purpose of enforcing the settlement agreement." Id. at 483 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)); accord Dover Ltd. v. A.B. Watley, Inc., No. 04 Civ. 7366(FM), 2007 WL 4358460 (S.D.N.Y. Dec. 17, 2007). In the instant case, the parties never submitted the agreement to the Court and the Notice of Voluntary Dismissal makes no reference to the settlement agreement. See Notice of Voluntary Dismissal, ECF No. 10. In order for a court to retain jurisdiction, the parties "must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate," which did not happen here. Cross Media, 319 F. Supp. 2d. at 483.

Defendant now argues that the Court may relieve it from the effect of the dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows for relief from a judgment for "any other reason that justifies relief." Putting aside the fact that defendant has failed to file a motion on this ground, the Court in any event sees nothing in the circumstances of the instant case to justify such

3

extraordinary relief, requested for the first time more than two years after this case was terminated. As the Supreme Court noted in Kokkonen (where the Court declined to use Rule 60(b)(6) to reopen a suit dismissed pursuant to Rule 41(a)(1)(ii) in order to enforce the settlement agreement, see 511 U.S. at 378), although "[t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal," because "the only order here was that the suit be dismissed, . . . [it] is in no way flouted or imperiled by the alleged breach of the settlement agreement." Id. at 380-81. Defendant's "remedy is to sue on the settlement agreement." Cross Media, 319 F. Supp. at 483.

Accordingly, because the Court concludes that it lacks subject matter jurisdiction to hear this dispute, defendant's motion is denied and this case remains closed. The Clerk of the Court is instructed to close document number 14 on the docket of this case.

SO ORDERED.

                                                JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 23, 2010

4